Richard GREENHALGH, Petitioner,

v.

SERVICE LLOYDS INSURANCE
COMPANY, Respondent.

No. C–8892.

Supreme Court of Texas.

April 11, 1990.
Rehearing Overruled May 23, 1990.

Ray Chester, Austin, for petitioner.

Robert D. Stokes, Austin, Janet Townsley, Ben Taylor, Michael Phillips, Houston, for respondent.

## OPINION

MAUZY, Justice.

The issue in this case is whether a trial court abuses its discretion by allowing a post-verdict amendment increasing the amount of damages in Plaintiff's pleadings to conform to the amount awarded by the jury when Defendant presents no evidence of surprise or prejudice. We hold that under Texas Rules of Civil Procedure 63 and 66, a trial court must allow a trial amendment that increases the amount of damages sought in the pleadings to that found by the jury unless the opposing party presents evidence of prejudice or surprise.

Plaintiff Greenhalgh and Service Lloyds Insurance Company (Service Lloyds), his workers' compensation carrier, agreed to a settlement of Greenhalgh's workers' compensation claim. However, Service Lloyds refused to pay Greenhalgh's medical expenses as required by the settlement. Greenhalgh subsequently filed this bad-faith insurance claim against Service Lloyds. The jury found in favor of Greenhalgh on each of his theories of recovery: breach of the duty of good faith and fair dealing, bad-faith insurance practices, gross negligence, negligence, and intentional infliction of emotional distress. Greenhalgh pleaded for $10,000 in actual damages and $100,000 in punitive damages; the jury awarded $8,000 in actual damages and $128,000 in punitive damages.

Because Greenhalgh had pleaded for only $100,000 in punitive damages, he requested leave to amend his pleadings to conform the amount of damages to that found by the jury and supported by the evidence. In its responsive motion, Service Lloyds alleged that the amendment was prejudicial because Service Lloyds had relied on the $100,000 amount in Plaintiff's pleadings in preparing for trial and in deciding whether to settle the case. The trial court allowed the post-verdict amendment. The court of appeals held that the trial court abused its discretion in allowing the amendment and reduced the punitive damages to $100,000.

The court of appeals reasoned that "because a defendant receives notice of the upper limit of punitive damages only by way of pleadings, it is an abuse of discretion to allow a post-verdict trial amendment increasing punitive damages when proper objections are made." 771 S.W.2d 688, 697. We disagree. The holding of the court of appeals ignores the mandates of the procedural rules regarding amendment of pleadings during trial. *See* Tex.R.Civ.P. 63 and 66.

Not only did the trial court *not* abuse its discretion in granting the amendment, it would have been an abuse of discretion if the trial court had refused the amendment. Under Rules 63 and 66 a trial court has no discretion to refuse an amendment unless: 1) the opposing party presents evidence of surprise or prejudice, Tex.R.Civ.P. 63 and 66; *Hardin v. Hardin,* 597 S.W.2d 347, 350–51 (Tex.1980) (Campbell, J., concurring); *see Food Source, Inc. v. Zurich Ins. Co.,* 751 S.W.2d 596, 599 (Tex.App.—Dallas 1988, writ denied); or 2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *Hardin v. Hardin,* 597 S.W.2d 347 (Tex.1980). The burden of showing prejudice or surprise rests on the party resisting the amendment. *Patino v. Texas Employers Insurance Association,* 491 S.W.2d 754, 756 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). Because Greenhalgh's amendment raised no new substantive matters and because there was no showing of surprise or prejudice by Service Lloyds, the trial court properly granted

leave to file the amendment.[1]

Service Lloyds relies on appellate court holdings that a trial court abuses its discretion in allowing a post-verdict amendment increasing damages to conform to the verdict. *Burk Royalty Co. v. Walls*, 596 S.W.2d 932, 938 (Tex.Civ.App.—Fort Worth 1980), *aff'd on other grounds*, 616 S.W.2d 911 (Tex.1981); *Winn–Dixie Texas, Inc. v. Buck*, 719 S.W.2d 251, 255 (Tex.App.—Fort Worth 1986, no writ).[2] We disapprove these holdings because they directly conflict with Rules 63 and 66.

### TEXAS RULES OF CIVIL PROCEDURE 63 and 66

It is well established that a party may amend its pleading after verdict but before judgment. *American Produce & Vegetable Co. v. J.D. Campisi's Italian Restaurant*, 533 S.W.2d 380, 386 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). Rule 63 states:

> Parties may amend their pleadings, … as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any amendment offered for filing within seven days of the date of trial *or thereafter*, … shall be filed only after leave of the judge is obtained, *which leave shall be granted* by the judge *unless there is a showing that such amendment will operate as a surprise* of the opposite party.

(Emphasis added).

■ The language of Rule 63 makes it clear that without a showing of surprise the trial court must grant leave for a party to file the amendment when requested within seven days of trial or thereafter. Thus, a party's right to amend under Rule 63 is subject only to the opposing party's right to show surprise. *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex.1980). However, the trial court may conclude that the amendment is on its face calculated to surprise or that the amendment would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying the trial. *Id.*[3]

■ An amended pleading that changes only the amount of damages sought does not automatically operate as surprise within the contemplation of Rule 63. *See Drury v. Reeves*, 539 S.W.2d 390, 394 (Tex.Civ.App.—Austin 1976, no writ). A party opposing an amendment increasing damages must present evidence to show that the increase resulted in surprise. Because Ser-

---

1. Service Lloyds offered no evidence of how it was prejudiced or surprised by the trial amendment. In closing arguments Service Lloyds argued that *no* punitive damages should have been awarded. Service Lloyds has never argued that it would have changed its position at trial—that Plaintiff deserved zero punitive damages—if the pleadings requested $128,000 rather than $100,000. In its opposition to the amendment Service Lloyds failed to make any showing to the trial court that an increase in punitive damages pleaded would have forced it to change its trial posture.

2. *But see Allstate Ins. Co. v. Kelly*, 680 S.W.2d 595, 606 (Tex.App.—Tyler 1984, writ ref'd n.r.e.) (trial court does not abuse its discretion in permitting post-verdict amendments increasing damages to conform to the jury's verdict); *Dayton Hudson Corp. v. Altus*, 715 S.W.2d 670, 675 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *cert. dismissed*, 481 U.S. 1073, 107 S.Ct. 2471, 96 L.Ed.2d 364 (1987) (applying same holding to a pre-submission trial amendment increasing exemplary damages).

3. *Hardin* created an exception to the requirement of Rule 63 that an amendment must be granted unless the opposing party makes a *showing* of surprise. In that case the defendant attempted to set up affirmative defenses to a promissory note by collaterally attacking the property division of a divorce judgment. This Court held that because the amendments "could not have been anticipated by the plaintiff," they would have prejudiced the plaintiff's presentation of the case and resulted in unnecessary delay. *Id.* 597 S.W.2d at 350. The amendments could not have been anticipated by the plaintiff because under Texas law a divorce judgment cannot be collaterally attacked in a subsequent suit. *Id.* We reasoned in *Hardin* that because the amendment attempted to reshape the cause of action and thus, was on its face calculated to surprise the opposing party, the opposing party's objection to the amendment was sufficient to "show surprise." *Id.* at 349.

vice Lloyds presented no evidence of surprise, the trial court properly allowed the amendment as required under Rule 63.

■ Rule 66 further confirms the propriety of the trial court's granting leave for Greenhalgh to file his amendment. Rule 66 provides in part:

if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and *shall do so freely* when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits.

(Emphasis added). In *Vermillion v. Haynes*, 147 Tex. 359, 215 S.W.2d 605, 609 (Tex.1948), this Court held that the trial court abused its discretion in denying a trial amendment filed after the close of evidence in a nonjury trial. Rule 66 "directs that the court shall 'freely' allow an amendment" when it subserves the merits of the case and the opposing party fails to show prejudice. *Id.*

The "defect" that Greenhalgh sought to cure in his amendment was to conform his pleadings to the evidence and jury findings on punitive damages. Service Lloyds failed to complain in the trial court that the evidence did not support the jury's finding on punitive damages—nor has it made this argument on appeal. We have held that when objections carry neither suggestion nor hint that the opposing party was in any manner surprised or prejudiced, both the spirit and the intent of Rule 66 require that the amendment be permitted. *Id.* Thus the trial court properly allowed the amendment under Rules 63 and 66.

We hold that in the absence of a showing of surprise or prejudice by an opposing party, a trial court must grant leave to a party to amend his or her pleadings to conform the amount of damages requested to that awarded by the jury. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

HECHT, J., files a concurring opinion in which PHILLIPS, C.J., and COOK, J., join.

HECHT, Justice, concurring.

I join in the Court's judgment and in much of its opinion. I am not, however, quite as convinced as the Court appears to be that the result in this case is obvious from a simple reading of the Texas Rules of Civil Procedure. I do not find a provision in the rules which expressly addresses the issue we face today and dictates the result in this case; rather, I read the pertinent rules to be somewhat conflicting and to suggest competing policy considerations, considerations which are not unique to Texas courts but are at play in the rules of other courts as well. I conclude that our decision today comports with these policies, but I add a few words to explain how and why.

Under Rule 47,[1] a pleading for unliquidated damages may allege only "that the damages sought exceed the minimum jurisdictional limits of the court" unless specially excepted to, in which event "the court shall require the pleader to amend so as to specify the maximum amount claimed." This mandate upon the court to require a claimant to plead a specific maximum amount of unliquidated damages sought can be read, as Service Lloyds contends, to suggest that the claimant is to be held to the amount pleaded and cannot recover more, even if the evidence and findings would support a greater award. Rule 63, however, allows amendments to pleadings "at such time as not to operate as a surprise to the opposite party". And Rule 66 requires a court to allow amendments to pleadings during trial "freely when ... the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his ac-

1. All references to rules are to the Texas Rules of Civil Procedure, unless otherwise noted.

tion or defense upon the merits." These provisions give a broad right to amend pleadings, even during trial, provided that an opposing party is not surprised or prejudiced. The rules do not terminate this right at the close of the evidence or the return of the verdict. To complicate matters further, Rule 301 states:

> The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled in law or equity.

The rules are silent as to what judgment should be rendered when, as here, the verdict exceeds the prayer for relief in the pleadings.

If the purpose of Rule 47 were to bind the pleader to a maximum claim for unliquidated damages, it would be a significant exception to Rules 63 and 66, which allow amendments more freely. If, however, Rule 47 is intended not so much to commit the pleader to a maximum number as to provide information to his opponent to facilitate a full and fair presentation of the merits of the dispute without surprise or prejudice, the conflict between that rule on the one hand, and Rules 63 and 66 on the other, is reduced, if not eliminated, in the situation presented in this case. This latter reading of Rule 47, which reduces the conflict between these rules, is therefore to be preferred. Moreover, it seems to me a sounder policy—and one we, as promulgators of the rules, are obliged to consider—to apply Rule 47 not strictly but with some latitude. A verdict which exceeded a prayer for relief by a few dollars would offend a strict application of Rule 47 as much as one which exceeded the other a thousandfold. The opposing party is more likely to be surprised and prejudiced, however, if an amendment of pleadings were permitted in the latter circumstances.

Surprise and prejudice would preclude a post-verdict amendment of a prayer for relief when the opposing party has taken a posture in the case premised on the damage claim as a maximum amount which could be recovered, and altering that premise would significantly undermine the party's position. For example, the amount claimed in a case involving insurance might influence decisions as to coverage, settlement, and parties to be joined. What may constitute legitimate surprise and prejudice in the abstract does not admit of easy definition. In the present case, I agree with the Court that Service Lloyds has not shown any reason why the trial court exceeded its discretion in allowing Greenhalgh to amend his claim for $100,000 exemplary damages to equal the $128,000 found by the jury.

The result in this case would be required expressly under Rule 54(c) of the Federal Rules of Civil Procedure. *See* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2664 (1983); Annot., *Scope of Relief Which May Be Granted, Under Rule 54(c)* ..., 16 A.L.R.Fed. 748 (1973). There is some indication that it would be the same under the law of many, if not most, states. *See* 22 Am.Jur.2d *Damages* §§ 854–857 (1988); 61A Am. Jur.2d *Pleadings* §§ 120–124 (1981). Our rules need not always conform to those of other jurisdictions, but consistency in practice is often a virtue, and I believe it is in this case.

PHILLIPS, C.J., and COOK, J., join in this concurring opinion.