CHAPIN & CHAPIN, INC., Fidelity and Deposit Company of Maryland, and United States Fidelity and Guaranty Company, Appellants,

v.

TEXAS SAND & GRAVEL COMPANY, INC., Appellee.

No. 07–90–0013–CV.

Court of Appeals of Texas, Amarillo.

March 11, 1991.

On Motion for Rehearing April 12, 1991.

Burrow, Countiss & Williams, Richard N. Countiss, Houston, Kenneth E. Shollenbarger, Amarillo, Smith & Fleming, Robert O. Fleming, Jr., Atlanta, GA, for appellants.

Miller & Herring, Tad Fowler, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

BOYD, Justice.

Appellee Texas Sand & Gravel Company, Inc. ("Texas Sand") sued appellants Chapin & Chapin, Inc., Fidelity and Deposit Company of Maryland, and United States Fidelity and Guaranty Company (collectively "Chapin") to recover money due for sand and gravel used in the construction of Interstate Highway 27 near Tulia. Following trial to a jury, the trial court granted Texas Sand's oral motion for instructed verdict and rendered judgment against Chapin. In six points of error, Chapin contends that the trial court erred by denying leave to amend its answer, and by requiring a verified denial as a predicate for proof of its affirmative defense. For the reasons below, we overrule the points of error and affirm the judgment of the trial court.

Chapin is an Ohio company that builds highways and bridges. In 1985, it was awarded a state contract to pave portions of Interstate Highway 27 near Tulia. To perform the work, Chapin required substantial amounts of sand and gravel. It therefore contracted with Texas Sand to deliver such materials to the job site. A dispute arose between the parties concerning the amount of sand and gravel actually delivered by Texas Sand, and the amount paid for by Chapin. This suit was commenced against Chapin and its bonding companies for the balance due under the contract.

Chapin answered by way of affirmative defense that Texas Sand had delivered 10,000 tons of sand and gravel less than alleged in the petition, and that Texas Sand had been paid in full for the amounts actually delivered. Seven months before trial, and subsequent to the filing of Chapin's affirmative defense, Texas Sand amended its petition to allege a suit on a sworn account for non-payment of the last two invoices on the account.

Chapin did not attempt to amend its answer until shortly before trial.[1] At that time, it filed a motion for leave to amend

---

[1] Counsel for Chapin announced ready for trial at docket call on Wednesday, September 6, 1989, and made no mention of its intent to file an amended answer. The motion for leave to amend was filed the next day, September 7, and recites that the amended answer had been prepared prior to September 1, but had been misplaced. The certificate of service shows that the motion was mailed to counsel for Texas Sand four days before trial, on Friday, September 8. The motion did not include a copy of the proposed amended answer. The certificate of service on the proposed amended answer shows that it was hand-delivered to counsel for Texas Sand on the day of trial, Tuesday, September 12.

under Rule 63.[2] The purpose of the amendment was to file a verified denial of the sworn account. The motion was overruled, along with an oral motion to file the verified denial as a trial amendment under Rule 66. The trial court ruled that the case presented a suit on an account under Rule 185 and that a verified denial was required to place the facts alleged in the petition at issue. Because it had refused to allow Chapin to file a verified denial, the trial court excluded all evidence in support of Chapin's affirmative defense and rendered an instructed verdict for Texas Sand.

In pertinent part, Rule 63 provides that any pleadings, responses or pleas offered within seven days of the date of trial or thereafter, "shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise of the opposite party." Rule 66, pertaining to trial amendments, provides that when an objection based upon a lack of pleading or upon a defect in pleading, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely "when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits."

In the seminal case of *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex.1980), the Court noted that the right of amendment under Rule 63 is subject to the opposing party's right to show surprise. In explication of that right, the Court said:

The right of amendment under Rule 63 is subject to the opposing party's right to show surprise, as determined in the exercise of the trial court's discretion. This showing may be based on the trial court's conclusion that the amendment on its face is calculated to surprise or that the amendment would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying the trial.

*Id.* The Court went on to say that, where the trial court has refused a tendered amendment, "the burden of showing an abuse of discretion is on the complaining party, rather than on the opposite party to show surprise." *Id.*

In *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex.1990), in additional explication, the Court instructs:

Under Rules 63 and 66 a trial court has no discretion to refuse an amendment unless: 1) the opposing party presents evidence of surprise or prejudice (citations omitted); or 2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment.

In its discussion, the Court reiterated the *Hardin* holding that "the trial court may conclude that the amendment is on its face calculated to surprise or that the amendment would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying the trial." *Id.* at 940.

Texas Sand objected to the motion for leave to amend, but tendered no evidence of surprise or prejudice. Our task, then, is to determine if the trial court abused its discretion under the *Hardin–Greenhalgh* test in refusing the amendment.

In *Downer v. Aquamarine Operations, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), the Court instructs:

The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. (citation omitted). Another way of stating the test is whether the test was arbitrary or unreasonable. (citations omitted). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not dem-

**2.** All references are to the Texas Rules of Civil Procedure unless otherwise noted.

onstrate that an abuse of discretion has occurred. (citations omitted).

■ Our task, then, is to determine, recognizing the general rule that leave to amend should be freely given, whether under the circumstances of this case the trial judge abused his discretion in denying the filing of the amendment. Determination of that question requires us to recognize the peculiar and unique qualities of a suit on a sworn account. Suit on a sworn account under Rule 185 provides a method by which a plaintiff may present a prima facie case of the validity of the account by satisfying particular pleading requirements. In the absence of a sworn denial meeting the requirements of the rule, the defendant may not dispute the receipt of the items or services, or the correctness of the stated charges. *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex.1979).

Had leave been granted in this case, Texas Sand would have been required to come forward with evidence to prove its case in chief, which it was not required to do absent a verified denial. If the trial court had granted leave to amend, on the day of trial, the burden of going forward with evidence would have been shifted to Texas Sand.

In asserting trial court error, Chapin places heavy reliance upon the Courts decision in *Greenhalgh v. Service Lloyds Ins. Co., supra.* In that case, the trial jury had awarded an amount of punitive damages in excess of that for which Greenhalgh had asked. The Court held that the appellate court had erred in saying the trial court abused its discretion in allowing a post-verdict amendment so that Greenhalgh could amend his pleadings to conform to the amount of damages found by the jury and supported by the evidence. In holding there was no showing that the defendant was prejudiced or surprised, the court noted that the defendant had argued *no* punitive damages should be awarded and there was no showing that an increase in the *amount* of punitive damages pleaded would have forced it to change its trial posture. *Greenhalgh v. Service Lloyds*

*Ins. Co.*, 787 S.W.2d at 939–40. For the reasons stated above, that is a situation quite different from that which would have been presented here.

■ In this case, the trial court could well have concluded that the only way to avoid prejudice to Texas Sand by allowance of the amendment, would have been to grant a continuance on the day of trial, after both parties had announced ready only a week earlier, thus unnecessarily delaying the proceedings. Under the circumstances of this case, we cannot say that the trial court abused its discretion in refusing the amendment. Chapin's first and second points of error are overruled.

■ In its third through sixth points of error, Chapin contends that the trial court erred by requiring a verified denial as a predicate for proof of its affirmative defense. In pertinent part, Chapin's answer alleged:

> [Texas Sand] has been paid all sums due to it from [Chapin].
>
> *   *   *   *   *   *
>
> [Chapin] shows the Court that Texas [Sand] provided approximately 10,000 tons of sand and gravel less that it alleges, and therefore [Chapin] has paid Texas [Sand] all sums due and owing to it under the terms of the Contract.

Although the affirmative defense of payment may be raised in a suit on a sworn account without a verified denial, *DeWees v. Alsip*, 546 S.W.2d 692, 694 (Tex.Civ. App.—El Paso 1977, no writ), Chapin does not claim that the invoices sued on by Texas Sand were paid. Rather, Chapin contends that it was not required to pay the invoices because materials covered by other invoices were not delivered. Chapin's defense is an attempt to dispute receipt of items covered by the account. That being so, unless the account is properly denied under oath, there can be no dispute as to the receipt of items or services. *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 S.W.2d at 862. Chapin's third, fourth, fifth, and sixth points of error are overruled.

In summary, we overrule each of Chapin's points of error, and, there being no reversible error, the judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

In his motion for rehearing, counsel for Chapin contends we ignored the Supreme Court's holding in *Greenhalgh v. Service Lloyds Insurance Co.*, 787 S.W.2d 938 (Tex.1990). We will overrule the motion for rehearing, but write to further illuminate our prior ruling and to correct any misapprehension about our consideration of the *Greenhalgh* case.

In pertinent part, *Greenhalgh* held:

Under Rules 63 and 66 a trial court has *no discretion* to refuse an amendment *unless:* 1) the opposing party presents evidence of surprise or prejudice; or 2) *the amendment asserts a new cause of action or defense, and thus is prejudicial on its face,* and the opposing party objects to the amendment.

787 S.W.2d at 939 (emphasis added, citations omitted).

As discussed in the prior opinion, granting Chapin leave to amend would have shifted the burden of going forward with evidence. Under the peculiar and unique practice surrounding suits on sworn accounts, the amendment would have radically altered the posture of the case on the eve of trial, and was tantamount to asserting a new defense. The amended answer was therefore prejudicial on its face and we cannot find the trial court abused its discretion by refusing the amendment.

The motion for rehearing is overruled, as is appellants' motion to publish.[1]

---

1. Published by order of the Supreme Court.