TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00078-CV






James McConnell and Kim McConnell, Appellants



v.



State Farm Lloyds, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 96-00948, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 This appeal arises from claims appellants James McConnell and Kim McConnell
made under their homeowner's insurance policy. Dissatisfied with appellee State Farm Lloyds'
handling of their claims relating to plumbing leaks and foundation damage, the McConnells sued
for breach of contract, breach of the duty of good faith and fair dealing, a declaratory judgment,
and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act (DTPA). 
The trial court rendered judgment for State Farm in the form of a partial summary judgment
followed by a final summary judgment. We will vacate the judgment of the trial court in part,
affirm it in part, and reverse and remand in part.

 After the McConnells filed their second amended petition, State Farm moved for
summary judgment on all the McConnells' claims. The trial court granted State Farm a partial
summary judgment. The court expressly rendered judgment that the McConnells' policy excluded
coverage for foundation damage and denied the McConnells' extra-contractual claims that related
to the foundation claim, with one exception: the court specifically reserved ruling on the
McConnells' claims that State Farm misrepresented the coverage for foundation damage. The
court concluded the order by reciting that all relief not expressly granted was denied. The effect
of this Mother Hubbard clause was to deny the McConnells relief on any remaining claims they
had asserted in their second amended petition. See Ortiz v. Avante Villa at Corpus Christi, Inc.,
926 S.W.2d 608, 611 (Tex. App.--Corpus Christi 1996, writ denied) ("catch-all" clause sweeps
out those claims that are not specifically reached). (1)

 In their first two points of error, the McConnells challenge the trial court's partial
summary judgment, arguing that the policy covered the damage to their foundation and that State
Farm failed to prove that their damage was caused by foundation movement rather than plumbing
leaks. After the trial court rendered judgment in this case, the supreme court ruled that the 1991
Texas Standard Homeowner's Policy (Form B) covers foundation damage caused by plumbing
leaks. See Balandran v. Safeco Ins. Co. of Am., 972 S.W.2d 738, 739 (Tex. 1998). State Farm
concedes on appeal that the McConnells' policy covers their foundation damage and that the
McConnells' claim for breach of contract concerning their foundation should be remanded to
determine whether the plumbing leaks caused the damage to their foundation. We accordingly
sustain the McConnells' first two points of error.

 Following the trial court's partial summary judgment, the McConnells filed a third
amended petition, adding a claim for reformation of their policy as well as new claims for breach
of contract, breach of the duty of good faith and fair dealing, and violations of the Insurance Code
and the DTPA. State Farm filed a second motion for summary judgment. The court granted this
motion, rendering a final take-nothing judgment against the McConnells.

 In their third point of error, the McConnells contest the trial court's grant of State
Farm's second motion for summary judgment. The McConnells argue first that State Farm
presented no evidence on their claim for reformation of the insurance policy. By this claim, the
McConnells sought to have their policy reformed to include coverage for foundation damage. 
Because Balandran has established that the policy includes such coverage, we agree with State
Farm that Balandran renders the claim for reformation moot.

 The McConnells next contend that fact issues remain on their claim for breach of
the contract to pay for plumbing repairs, specifically, whether State Farm paid the full costs for
plumbing pipe and labor. To be entitled to a summary judgment, the movant must show that no
genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R.
Civ. P. 166a(c). In reviewing a summary judgment, the appellate court must consider as true all
evidence favorable to the non-movant, and indulge every reasonable inference and resolve any doubt
in favor of the non-movant. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985).

 The McConnells' policy obligates State Farm to pay the smallest of


(1) the limit of liability under this policy applicable to the damaged or destroyed
building structure(s);


(2) the cost to repair or replace that part of the building structure(s) damaged,
with material of like kind and quality and for the same use and occupancy on
the same premises; or


(3) the amount actually and necessarily spent to repair or replace the damaged
building structure(s).


 The summary-judgment evidence includes an itemized bid by The Gerloff Company
to repair the McConnells' plumbing for $18,462.20. After reducing this amount by the $250
deductible, State Farm paid the McConnells $18,212.50 to have their plumbing repaired. The bid
included specific amounts for plumbing pipe and labor. Bruce Marbach, an employee of Gerloff
who is licensed as a master plumber, testified by affidavit that Gerloff's estimate represents a
reasonable and customary rate in the plumbing industry for accessing and repairing the
McConnells' plumbing system. State Farm's evidence proves conclusively that, under paragraph
two of the policy quoted above, it fully paid the McConnells to repair their plumbing system. 
Because the trial court sustained State Farm's objections to the McConnells' evidence on this
issue, they have failed to controvert State Farm's evidence. We conclude that the trial court
properly rendered summary judgment for State Farm on the McConnells' claim for breach of the
contract to pay for plumbing pipe and labor.

 The McConnells complain that State Farm's second summary-judgment motion
failed to address their claims for breach of contract to pay the contractor's overhead and profit,
to pay investigative costs such as plumbing and engineering testing, and to conduct a reasonable
and thorough investigation of their claims before denying coverage. These claims were denied in
the trial court's partial summary judgment and were no longer live issues before the court. The
McConnells therefore have not shown that the trial court erred in rendering judgment against them
on these breach-of-contract claims.

 The McConnells next argue that the court erred in granting State Farm's second
motion for summary judgment as to their misrepresentation claims. The McConnells alleged in
their third amended petition that State Farm misrepresented the facts and policy provisions relating
to foundation coverage and misrepresented that all damages caused by plumbing leaks were
covered. The McConnells brought their misrepresentation claims under both the Insurance Code
and the DTPA; all of the McConnells' DTPA claims were stated as claims of misrepresentation. 
In its second summary-judgment motion, State Farm contended that its denial of the McConnells'
foundation claim for a reason different than the one it asserted in the summary-judgment
proceedings does not subject it to liability. Because State Farm's ground for summary judgment
does not address the claims the McConnells pleaded, the trial court erred in granting summary
judgment on the McConnells' claims for misrepresentation as to foundation coverage. Tex. R.
Civ. P. 166a(c); Chessher v. Southwestern Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983).

 We turn to the McConnells' misrepresentation claims relating to coverage for
plumbing repairs. After the trial court rendered partial summary judgment denying these claims,
the McConnells amended their petition, but raised no new misrepresentation claims relating to
coverage for plumbing repairs. Such claims were therefore not at issue in the proceedings on State
Farm's second summary-judgment motion. We view any grounds raised by State Farm after the
partial summary judgment on these claims as surplusage and conclude that the McConnells have
not shown that the trial court erred in rendering judgment against them.

 Except for the claims concerning misrepresentation as to foundation coverage, the
trial court denied the McConnells' claim for violation of the Texas Insurance Code in its partial
summary judgment. In their third amended petition, the McConnells pleaded only one new
violation of the Insurance Code, namely that State Farm failed to fully pay their plumbing access
costs within five business days from the date it said it would pay. See Tex. Ins. Code Ann. art.
21.55(4) (West Supp. 1999). State Farm failed to address the timeliness of its payment in its
second summary-judgment motion. The trial court therefore erred in granting summary judgment
on the McConnells' claim under article 21.55 of the Insurance Code. Tex. R. Civ. P. 166a(c);
Chessher, 658 S.W.2d at 564.

 Turning to the McConnells' claim for breach of the duty of good faith and fair
dealing, the trial court denied this claim in its entirety in its first order granting partial summary
judgment. When the McConnells subsequently amended their petition, they brought new charges
that State Farm had breached this duty by the manner in which it issued policies and by its failure
to pay for all plumbing repairs, including pipe and labor. In its second summary-judgment
motion, State Farm argued that because it conclusively proved its right to recover on the
McConnells' claim for breach of its contract to pay for plumbing repairs, the McConnells' related
claim for breach of the duty of good faith and fair dealing must fail. We agree that, having
fulfilled its contractual duty to pay for the McConnells' plumbing repairs, State Farm has negated
their claim for breach of the duty of good faith in paying for the plumbing repairs. Liberty Nat'l
Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996); Republic Ins. Co. v. Stoker, 903 S.W.2d
338, 341 (Tex. 1995). The trial court thus did not err in granting summary judgment for State
Farm on this claim. State Farm failed, however, to address the McConnells' newly pleaded claim
for breach of the duty of good faith and fair dealing in regard to issuing policies. The trial court
accordingly erred in rendering summary judgment on this claim. Tex. R. Civ. P. 166a(c);
Chessher, 658 S.W.2d at 564.

 In sum, we do not address the McConnells' claim for reformation, which has
become moot. We sustain point three as to the McConnells' claims for misrepresentation as to
foundation coverage, untimely payment for plumbing access costs under article 21.55 of the
Insurance Code, and breach of the duty of good faith and fair dealing in issuing insurance policies. 
We overrule point three as to the McConnells' claims for breach of the contract to pay for
plumbing repairs, the contractor's overhead and profit, and investigative costs, and to reasonably
investigate their claims; misrepresentation as to coverage for plumbing repairs, and breach of the
duty of good faith and fair dealing as to plumbing repairs.

 In their fourth point of error, the McConnells contend that the trial court erred in
sustaining State Farm's objections to the evidence supporting their response to State Farm's second
summary-judgment motion. The McConnells complain that State Farm violated a local rule by
submitting an order to the court without first giving their counsel a chance to inspect or respond
to it. Because the McConnells have not provided a record supporting their complaint, however,
they have not preserved the complaint for review. Even if the record documented their complaint,
the McConnells neither objected to the trial court nor obtained a ruling on it, thereby waiving the
complaint for review. Tex. R. App. P. 33.1(a)(1). In addition, the McConnells summarily state,
without argument, that the court erred in sustaining the objections because all their summary-judgment evidence was proper. The McConnells' failure to offer argument and authorities to
support this contention waives it for review. See id. 38.1(h). We overrule point four.

 In their fifth point of error, the McConnells assert that the trial court erred in
striking their fourth amended petition. On September 18, 1997, the court heard State Farm's
second summary-judgment motion, but deferred ruling on it. On October 2, before the trial court
rendered judgment, the McConnells filed their fourth amended petition, adding a new claim for
"fraud/misrepresentation" relating to coverage for plumbing repair and foundation damage. State
Farm objected that the new claim was untimely and prejudicial, and the trial court granted its
motion to strike the amended petition. The trial court acts within its discretion in striking a
pleading that raises a new claim and is filed less than seven days before a summary-judgment
hearing. See Tex. R. Civ. P. 63; Greenhalgh v. Service Lloyds Ins. Co., 787 S.W.2d 938, 939
(Tex. 1990). We therefore overrule point five, but observe that the McConnells are free to amend
their pleadings to raise new claims on remand to the trial court.

 In point of error six, the McConnells argue that the trial court erred in denying their
motion to reconsider the order granting State Farm's second summary-judgment motion. The
McConnells support this point by referring to their arguments under points three, four, and five. 
We therefore sustain point six to the extent we have sustained point of error three. We overrule
the remainder of point six.

 Having considered each of the McConnells' points of error, we reverse the trial
court's summary judgment as to the McConnells' claims for breach of contract as to foundation
coverage, misrepresentation as to foundation coverage, untimely payment of plumbing access costs
under article 21.55 of the Insurance Code, and breach of the duty of good faith and fair dealing
in issuing insurance policies; we remand these claims to the trial court for further proceedings. 
We vacate the trial court's judgment on the McConnells' claim for reformation of the insurance
policy, and we dismiss that claim as moot. The remainder of the trial court's summary judgment
is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed in Part; Reversed and Remanded in Part; Vacated in Part

Filed: August 12, 1999

Do Not Publish

1. Despite the presence of the Mother Hubbard clause in the partial summary judgment, we do
not regard the judgment as final. Because it is more specific, the trial court's express reservation
of the misrepresentation claims regarding foundation coverage controls over the court's general
denial of all relief not expressly granted. The misrepresentation claims were thus left for later
adjudication. Cf. Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993).


ndering summary judgment on this claim. Tex. R. Civ. P. 166a(c);
Chessher, 658 S.W.2d at 564.

 In sum, we do not address the McConnells' claim for reformation, which has
become moot. We sustain point three as to the McConnells' claims for misrepresentation as to
foundation coverage, untimely payment for plumbing access costs under article 21.55 of the
Insurance Code, and breach of the duty of good faith and fair dealing in issuing insurance policies. 
We overrule point three as to the McConnells' claims for breach of the contract to pay for
plumbing repairs, the contractor's overhead and profit, and investigative costs, and to reasonably
investigate their claims; misrepresentation as to coverage for plumbing repairs, and breach of the
duty of good faith and fair dealing as to plumbing repairs.

 In their fourth point of error, the McConnells contend that the trial court erred in
sustaining State Farm's objections to the evidence supporting their response to State Farm's second
summary-judgment motion. The McConnells complain that State Farm violated a local rule by
submitting an order to the court without first giving their counsel a chance to inspect or respond
to it. Because the McConnells have not provided a record supporting their complaint, however,
they have not preserved the complaint for review. Even if the record documented their complaint,
the McConnells neither objected to the trial court nor obtained a ruling on it, thereby waiving the
complaint for review. Tex. R. App. P. 33.1(a)(1). In addition, the McConnells summarily state,
without argument, that the court erred in sustaining the objections because all their summary-judgment evidence was proper. The McConnells' failure to offer argument and authorities to
support this contention waives it for review. See id. 38.1(h). We overrule point four.

 In their fifth point of error, the McConnells assert that the trial court erred in
striking their fourth amended petition. On September 18, 1997, the court heard State Farm's
second summary-judgment motion, but deferred ruling on it. On October 2, before the trial court
rendered judgment, the McConnells filed their fourth amended petition, adding a new claim for
"fraud/misrepresentation" relating to coverage for plumbing repair and foundation damage. State
Farm objected that the new claim was untimely and prejudicial, and the trial court granted its
motion to strike the amended petition. The trial court acts within its discretion in striking a
pleading that raises a new claim and is filed less than seven days before a summary-judgment
hearing. See Tex. R. Civ. P. 63; Greenhalgh v. Service Lloyds Ins. Co., 787 S.W.2d 938, 939
(Tex. 1990). We therefore overrule point five, but