TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00332-CV






Keith Wood, Individually; Global Southwest Development, Inc.; and


Meadows at Trinity Crossing, Ltd., Appellants



v.



Rainbow Materials, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 96-09862, HONORABLE LORA LIVINGSTON, JUDGE PRESIDING 







 The trial court signed a judgment in favor of Rainbow Materials, Inc. against
Global Southwest Development, Inc. ("Global Southwest") and other defendants. We will affirm.

 Rainbow Materials sued Global Southwest, Keith Wood, Meadows at Trinity
Crossing, Ltd., and others who are not parties to this appeal, seeking damages arising out of a
construction project. Rainbow Materials alleged that Wood planned to purchase a tract of land,
purchase houses located on the old Bergstrom Air Force Base, transport the houses from the Base
to the new tract, and rehabilitate the houses for sale to low-income citizens. Rainbow Materials
contracted with appellants to provide concrete and other materials for use in constructing
foundations for the homes. When appellants failed to pay, Rainbow Materials sued.

 Following a jury trial, the district court signed a judgment on May 12, 1999, in
favor of Rainbow Materials jointly and severally against Wood, Global Southwest and Meadows
at Trinity Crossing, Ltd. for $177,312.14, plus prejudgment interest and attorney's fees. The
judgment also awarded Rainbow Materials $206,399.34 in exemplary damages against Wood
individually. No party filed a motion for new trial. Global Southwest filed its Notice of Appeal
on June 11, 1999, and a first amended notice of appeal on June 28, 1999. (1) Global Southwest's
brief was originally due October 24, 1999, see Tex. R. App. P. 38.6(a)(1); however, it failed to
timely file a brief or request an extension of time for doing so. This Court notified Global
Southwest that its brief was overdue and that the case would be dismissed for want of prosecution
if it did not file an appropriate motion by November 29, 1999. Global Southwest filed a second
amended notice of appeal on November 28, 1999, identifying for the first time Wood and
Meadows at Trinity Crossing, Ltd. as appellants. On November 29, 1999, Global Southwest filed
a motion for extension of time to file its brief. On April 17, 2000, Global Southwest and Wood
filed their joint brief. Meadows at Trinity Crossing, Ltd. did not file a brief. 

 Rule 25.1(f) allows the amendment of a notice of appeal to correct defects or
omissions in an earlier filed notice at any time before the appellant's brief is filed. Tex. R. App.
P. 25.1(f); see Thomas v. Thomas, 917 S.W.2d 425, 431 (Tex. App.--Waco 1996, no writ)
(appellant who shows it was omitted from appeal bond by accident or mistake is entitled to
amend); Powell v. City of McKinney, 711 S.W.2d 69, 70 (Tex. App.--Dallas 1986, writ ref'd
n.r.e.) (appellant establishing he was inadvertently omitted from cost bond has right to amend
bond by adding his name); see also Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports,
Inc., 813 S.W.2d 499, 500 (Tex. 1991) (court must give opportunity to amend or refile when
appellant fails to file appropriate instrument to perfect appeal). The rule also provides that we
may strike the amended notice for cause or dismiss the appeal. Tex. R. App. P. 25.1(f), (b). 
While we question whether Rule 25.1(f) permits the second amended notice of appeal filed in this
case, we will assume for purposes of our discussion that Wood and Meadows at Trinity Crossing,
Ltd. are appellants. (2)

 Global Southwest and Wood jointly filed a brief asserting in a single issue that the
trial court erred by allowing Rainbow Materials to amend its pleadings and add Wood as a
defendant. Global Southwest and Wood seek relief only from the judgment against Wood and
seek no relief on behalf of Global Southwest. Accordingly, the judgment is affirmed as to Global
Southwest. 

 Rainbow Materials moved to amend its pleadings and add Wood as a defendant at
or near the close of the evidence. Wood was the president and a director of Global Southwest,
and appeared at trial as the representative of both Global Southwest and Meadows at Trinity
Crossing, Ltd. Over objection, the trial court granted leave to file the trial amendment. Rule of
Civil Procedure 66 gives the trial court broad discretion in allowing or denying trial amendments. 
Tex. R. Civ. P. 66; Yowell v. Piper Aircraft Corp., 703 S.W.2d 630, 634 (Tex. 1986). In order
to preserve error, the complaining party must file a motion for continuance, pleading surprise or
prejudice arising from the trial amendment, and have the motion denied before the party can
complain about the granting of the trial amendment. Greenstein, Logan & Co. v. Burgess
Marketing, Inc., 744 S.W.2d 170, 184 (Tex. App.--Waco 1987, writ denied). Neither Wood nor
Global Southwest moved for continuance after the trial court allowed Rainbow Materials to amend
its pleadings. Thus, error, if any, in the granting of the trial amendment was not properly
preserved. In any event, when the trial amendment is not mandatory, the trial court's decision
will not be reversed absent a clear abuse of its discretion. See Greenhalgh v. Service Lloyds Ins.
Co., 787 S.W.2d 938, 939 (Tex. 1990). The record reflects that although not named individually
initially, Wood was served with citation, filed a general appearance, and filed affirmative
pleadings without limiting his capacity. Thus, we cannot say the trial court abused its discretion
in allowing the amendment. We overrule appellants' sole issue. 

 Having overruled appellants' sole issue, we affirm the trial court judgment. We
dismiss Rainbow Materials' Motion to Strike Appellant's Second Amended Joint Notice of
Appeal.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie and Justices Kidd and B. A. Smith

Affirmed

Filed: July 27, 2000

Do Not Publish
1. The first amended notice of appeal did not substantively change the original notice of appeal. 
2. Because Meadows at Trinity Crossing, Ltd. did not file a brief and appellee Rainbow
Materials has filed a brief, we affirm the judgment against Meadows. See Tex. R. App. P.
38.8(a)(3). 



d their joint brief. Meadows at Trinity Crossing, Ltd. did not file a brief. 

 Rule 25.1(f) allows the amendment of a notice of appeal to correct defects or
omissions in an earlier filed notice at any time before the appellant's brief is filed. Tex. R. App.
P. 25.1(f); see Thomas v. Thomas, 917 S.W.2d 425, 431 (Tex. App.--Waco 1996, no writ)
(appellant who shows it was omitted from appeal bond by accident or mistake is entitled to
amend); Powell v. City of McKinney, 711 S.W.2d 69, 70 (Tex. App.--Dallas 1986, writ ref'd
n.r.e.) (appellant establishing he was inadvertently omitted from cost bond has right to amend
bond by adding his name); see also Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports,
Inc., 813 S.W.2d 499, 500 (Tex. 1991) (court must give opportunity to amend or refile when
appellant fails to file appropriate instrument to perfect appeal). The rule also provides that we
may strike the amended notice for cause or dismiss the appeal. Tex. R. App. P. 25.1(f), (b). 
While we question whether Rule 25.1(f) permits the second amended notice of appeal filed in this
case, we will assume for purposes of our discussion that Wood and Meadows at Trinity Crossing,
Ltd. are appellants.