Opinion filed June 27, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00159-CV

_____

## MEMORIAL PARK MEDICAL CENTER, INC., Appellant

## V.

## JOHN GREEN, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CV0904121**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment of the trial court in favor of John Green in which it awarded him money damages and the foreclosure of mechanic's and materialman's liens on two parcels of land. We affirm in part and modify in part, conditioned on remittitur.

Bill Ruth, president and owner of Memorial Park Medical Center, hired Green to do stucco work on Memorial Park. Ruth and Green signed a proposal for a portion of the work that Green eventually performed. In the proposal, the parties provided that Memorial Park was to pay Green $3.75 per square foot for work performed on the main building in Memorial Park. The parties set out in the proposal that the building that Green was to stucco was plus or minus 12,000 square feet and that the cost at $3.75 per square foot was, therefore, $45,000. In the course of things, Memorial Park also hired Green to complete additional stucco work on a sign in front of the building, a carport addition, and utility walls. Green also performed stucco work on a storage building located at a different address than the Memorial Park project.

Green delivered a letter and invoice to Ruth that showed a total amount owed of $9,770. Ruth did not respond to Green's letter. Green filed a mechanic's and materialman's lien against the Memorial Park property for $5,880 and against the storage building property for $3,890. Green filed suit against Memorial Park and alleged that Ruth, as representative of Memorial Park, failed to pay him $25 per hour for the additional services he performed that were not covered by the proposal. He sought damages in the amount of $9,720 ($5,880 for work done on the Memorial Park property and $3,840 for work done on the storage building).[1] Green also sought foreclosure of the mechanic's and materialman's liens. The trial court entered judgment in favor of Green, and Memorial Park appealed.

Memorial Park presents five issues for our review. In its first and second issues, Memorial Park asserts that the evidence was legally and factually insufficient to support the trial court's judgment of $5,880 and $3,840 as the amount owed to Green for the work performed on the two parcels of land.

_____

[1]We note that Green pleaded $50 less in damages than what he claimed in the mechanic's and materialman's lien on the storage building.

2

Memorial Park argues in its third issue that the evidence was legally and factually insufficient to support the trial court's finding that Memorial Park had paid Green $40,000 when the evidence conclusively showed that Memorial Park paid Green $49,000. In its final two issues, Memorial Park contends that the trial court erred when it awarded damages based on $3.75 per square foot because Green pleaded that he was to be paid $25 per hour, not $3.75 per square foot. In a counterpoint, Green asserts that the trial court erred when it denied his request to file a trial amendment to amend his petition to include the contract term of $3.75 per square foot.

We will first address whether the trial court erred when it denied Green's trial amendment. Green originally pleaded that he and Ruth entered into a contract on June 6, 2007, for the purpose of Green providing labor and services to Memorial Park at the main building and that, under the terms of the contract, Memorial Park was obligated to pay Green $25 an hour. Green further alleged that Memorial Park owed him $5,880 for work performed on the main building and $3,840 for work performed on the storage unit. At the conclusion of Green's case-in-chief, he requested permission to amend his pleadings. In his proposed amended petition, Green alleged that, under the terms of the June 6, 2007 contract, Memorial Park was to pay him $3.75 per square foot for stucco application to Memorial Park's property, that the parties made oral agreements for additional work performed by Green for Memorial Park, and that Memorial Park owed $5,880 for work Green performed on the main building and $3,840 for work Green performed on the storage building.

Memorial Park objected to Green's request to amend his pleadings on the grounds that it had relied on Green's pleading of $25 per hour in preparing its case and that it would be prejudicial for the court to allow the trial amendment. The trial court agreed with Memorial Park that it would be prejudicial to allow the

3

amendment because it was not requested until after the parties had completed discovery and until after the close of Green's case.

Rule 66 of the Texas Rules of Civil Procedure governs trial amendments and provides:

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to enable the objecting party to meet such evidence.

TEX. R. CIV. P. 66.

The Texas Supreme Court has held that the trial court has no discretion to refuse a trial amendment unless the party opposing the amendment shows that it would be prejudiced by the filing of the amendment or that the amendment asserts a new cause of action and, thus, is prejudicial on its face. *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990). For a trial amendment to be prejudicial on its face, the amended pleading must contain new substantive matter that reshapes the nature of the trial itself; the new matter must be such that it could not be anticipated by the opposing party in light of the development of the case up to the time the amendment was requested; and it must be shown that, if the amendment were allowed, the opposing party's presentation of the case would be detrimentally affected. *Smith Detective Agency & Nightwatch Service, Inc. v. Stanley Smith Sec., Inc.*, 938 S.W.2d 743, 749 (Tex. App.—Dallas 1996, writ denied).

4

In *Vermillion v. Haynes*, the respondent objected to petitioner's request to file a trial amendment on the grounds that the petitioner had neglected for more than a year to file the requested amendment, that the amendment was tendered after the evidence was closed and without previous notice, and that the amendment was without merit or support in the evidence. *Vermillion v. Haynes*, 215 S.W.2d 605, 609 (Tex. 1948). In the amendment, the petitioner sought to add a defense of limitations. *Id.* The supreme court held that the trial court erred when it denied the requested trial amendment because the "objections carried neither suggestion nor hint that the respondents were in any manner surprised or unprepared to meet the issues raised by the amendment; nor did they suggest that . . . the amendment would otherwise prejudice them in maintaining their action on its merits." *Id.*

Although Memorial Park objected throughout the trial to Green referencing the unpleaded contract term of $3.75 per square foot and although Memorial Park objected to the amendment on the ground that it relied on the $25 per hour pleading, Memorial Park's objections failed to show how it would be prejudiced or unprepared to present its case based on the $3.75 per square foot contract term.

Furthermore, the amendment was not prejudicial on its face because Memorial Park failed to show that it could not have anticipated Green's assertion of the $3.75 per square foot contract term in light of the development of the case. The record shows that Memorial Park could have anticipated that Green would assert a contract term of $3.75 per square foot because Memorial Park (1) attached the signed proposal with the $3.75 contract term to its first amended answer and to its counterpetition; (2) agreed to the charges of $2,298 for the carport addition, which were calculated at $3.75 per square foot; and (3) received a final invoice and a document that detailed draws and additions, including costs calculated at $3.75 per square foot in early 2008—almost three years prior to trial. Thus, we hold that the trial court erred when it denied Green's trial amendment.

Memorial Park argues in its fourth and fifth issues that the trial court erred when it awarded damages based on $3.75 per square foot when Green pleaded that he was to be paid $25 per hour. Because we have determined that the trial court erred when it denied Green's request to file the trial amendment, we will consider Green's amended petition in determining whether the trial court erred in calculating the damages. Green's amended petition alleged that the original agreement between the parties was for $3.75 per square foot for work done on the Memorial Park property and that the parties orally modified the agreement to include additional work. The amended petition did not specify the terms of the modification; thus, the trial court was not limited in awarding damages based on a $25 per hour calculation but, instead, was permitted to award the proper measure of damages as supported by the evidence. *See Rowan Cos. v. Transco Exploration Co.*, 679 S.W.2d 660, 665–66 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (holding party is not required to plead the measure of damage or the specific contract provision that permits recovery). Therefore, the trial court did not err when it awarded damages based on $3.75 per square foot as long as the evidence was sufficient to support such an award. We overrule Memorial Park's fourth and fifth issues.

We next turn to Memorial Park's sufficiency challenges. We will address Memorial Park's first three issues together because each relates to the legal and factual sufficiency of the evidence to support an award of damages in the amount of $9,720 and Green's right to foreclose on the mechanic's and materialman's liens. Memorial Park specifically challenges the trial court's findings that Memorial Park only paid Green $40,000 and that Memorial Park owed Green $9,720—$5,880 for work done on the main building and $3,840 for work done on the storage building. Although Green presented evidence of square footage calculations for the different jobs he completed, Memorial Park argues that Green

presented no evidence as to the number of hours that he worked at either location and that, because the trial court denied Green's trial amendment, Green cannot recover damages based on the $3.75 per square foot calculation. However, because we have held that the trial court erred when it denied Green's trial amendment, we are not limited to a review of the evidence in $25 per hour terms. Memorial Park also argues that the evidence was undisputed that Memorial Park paid Green $49,000.

A trial court's findings of fact in a bench trial are reviewed for legal and factual sufficiency under the same standards used to review a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). In considering a legal sufficiency challenge, we review all the evidence in the light most favorable to the trial court's judgment and indulge every reasonable inference in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit any favorable evidence if a reasonable factfinder could and disregard any contrary evidence unless a reasonable factfinder could not. *Id.* at 821–22, 827. In reviewing a factual sufficiency challenge, we consider all of the evidence and uphold the finding unless it is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Green testified that, under the proposal signed by him and Ruth, he was to apply stucco to the Memorial Park building for $3.75 per square foot and that, based on an estimated square footage of 12,000, he was to be paid approximately $45,000. Green calculated that the Memorial Park building measured 13,202 square feet and that, under the proposal, he was to be paid $49,507. In addition, Green testified that he applied stucco work to a 401-square-foot sign, to a 613-square-foot carport, and to seventy-five percent of a 1,383-square-foot storage building. Green testified that he was to be paid at a rate of $3.75 per square foot for each of these additional projects. Green also did additional stucco work on

7

utility walls surrounding air-conditioning units and a dumpster. He testified that he was to be paid at a rate of $25 per hour for that work, although he charged Memorial Park only $20 per hour. Green's testimony and Exhibit No. 18 detailed the cost additions of the various projects, including the additional square footage of the Memorial Park building for $4,507, the sign for $1,503, the carport for $2,298, the first utility wall for $480, the insertion of a two-by-four at the top of a wall for $40, flashing and replastering around flashing over the carport addition for $180, a second utility wall for $480, the storage unit for $3,890, and $392 for materials. Exhibit No. 18 also reflected that Green had received draws totaling $49,000. The payment of the $49,000 was not disputed. Exhibit No. 18 further showed that the remaining balance for the work that Green performed on the Memorial Park property was $5,880 and the amount owed for the work performed on the storage building was $3,890—for a total of $9,770.

Although Ruth testified that Memorial Park agreed to pay Green $25 an hour and did pay Green for the work done on the sign, storage building, and utility walls, the factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony and is free to resolve inconsistencies in the testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003); *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). Thus, the trial court could have found that the parties entered into an agreement that provided for Green's work to be calculated based on both hourly and square footage terms and that Memorial Park owed Green for the labor and services he provided, as well as for the cost of materials. We hold that the evidence is legally sufficient to support an award of damages in Green's favor. However, both Green and Ruth testified that Memorial Park was entitled to a $750 credit. The $750 credit was not listed in Exhibit No. 18, and the trial court did not take the credit into consideration when it calculated the total amount of damages as $9,720. Both parties also agree that

8

Memorial Park paid Green $49,000. Therefore, the trial court erred in finding that Memorial Park paid Green $40,000 and that the remaining balance owed was $9,720.

Consequently, the evidence is legally insufficient to support the judgment of the full amount of $9,720. Where, as here, there is sufficient evidence to support a lesser award, but insufficient evidence to support the full amount of damages, we may suggest a remittitur. TEX. R. APP. P. 46.3. Green presented evidence that he was due a total amount of $9,020—$9,770[2] (total amount due shown on Exhibit No. 18) minus $750 (agreed credit). Therefore, we suggest a remittitur of $700. If the remittitur is timely filed, we will modify and affirm the trial court's judgment in accordance with the remittitur; however, if the remittitur is not timely filed, we must reverse the trial court's judgment and remand this case for a new trial. TEX. R. APP. P. 46.3. We sustain Memorial Park's first, second, and third issues.

The judgment of the trial court is affirmed in part and, conditioned on remittitur, modified in part. We suggest a remittitur in the amount of $700. If the remittitur is not filed by July 17, 2013, the trial court's judgment will be reversed, and the cause will be remanded to the trial court for a new trial.

JIM R. WRIGHT

June 27, 2013                                     CHIEF JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

---

[2]Green proved a total amount of damages of $9,770 despite pleading $9,720 in damages; thus, Green could not have recovered more than $9,720 at trial. *See* TEX. R. CIV. P. 301. To determine our suggested remittitur, we subtracted the credit Memorial Park is due from the total amount of damages proven instead of the total amount of damages pleaded.