# SUIT NO 2014-CI-19776

| | | |
|---|---|---|
| R.J. SKYE FOUNDATION, LLC., ET AL | § § § | IN THE DISTRICT COURT |
| VS. | § § | 408TH JUDICIAL DISTRICT |
| WALLACE B. JEFFERSON, ET AL | § § | BEXAR COUNTY, TEXAS |

FILED
15 JAN 13 AM 10: 22
DONNA KAY M<sup>c</sup>KINNEY
DISTRICT CLERK
BEXAR COUNTY

## NOTICE OF OBJECTION AND NOTICE OF APPEAL

TO THE HONORABLE CHIEF JUSTICE OF THE FOURTH JUDICIAL DICTRICT COURT OF APPEALS:

On January 7th, 2015, District Court Clerk refused to file plaintiff's 'Motion to Set a hearing with the Master in Chancery, according to the rules of the court, rule 171. The Clerk's Office stated that plaintiff must report to the Staff Attorney's Office for Approval to be hear by any judge. Plaintiff asked the Clerk, "What has the Staff Attorney's Office have to do with plaintiff's complaint?" Clerk stated that all persons are required to be approved to see a judge. Plaintiff responded that his cause of action has already been assigned a judge and needs his fiat for the setting up of a hearing. The Clerk refused to file such Motion and therefore wrote with his hand the time, place, and date with Presiding Judge John D. Gabriel which is on January 13th, 2014 at 9.00 am

Plaintiff got in line at the Staff attorney's Office and when it was his turn he asked the same questions to the clerk and was interrupted by an attorney who stated that his name is Brett Van Ghelvue Bar# 24072794. Plaintiff asked him 'what does his office have to do with Plaintiff's Complaint for the 408th District Court that has been assigned? Plaintiff specially appeared in order to speak with such Master in Chancery. He became rude, belligerent, and beyond reason insisting that he is the attorney who approves whether or not a litigants' motion to set a hearing is proper and that Presiding Judge John D. Gabriel may or may not hear the plaintiff's motion.

I insisted to speak with the Presiding Judge, by special appearance, to see whether or not this is true. Staff Attorney, hurriedly walked to the court and while waiting in the back of the court room, Plaintiff was intimidated by one of the Presiding Judges' Bailiffs regarding personal prescribed sunglasses, for Plaintiff's regular glasses were badly scratched. But, to keep it peaceful, Plaintiff swapped out such.

Presiding Judge John D. Gabriel denied Plaintiff's motion that he be heard by MASTER IN CHANCERY, denied that Rule 171. Master in Chancery exists in the Texas Rules of Civil Procedure, and that such Equitable Jurisdiction cannot be had in District Court.

Presiding Judge further stated, that only England has Chancery to grant a trust the special relief it seeks. If such statement from the Presiding Judge is correct and true, Plaintiff moves Chief Justice Catherine M. Stone in the Fourth Judicial District Court of Appeals on a **Question of Fact** as to whether or not Rule 171 Master in Chancery was replaced or repealed out from the TRCP and the courts.

And the **Question of Law** for the Chief Justice is to state the Texas statute(s), act(s), or Texas Law(s) that repealed or abrogated the Equitable Jurisdiction, the Judicature Acts of 1873, 1875, 1878, and Rule 171. Master in Chancery, out of Texas Courts.

And if so, that the Chief Justice state the names, addresses, and phone numbers of all the person(s) involved in such act that repealed Chancery, and the date it was done or to otherwise, correct the error made by the Presiding Judge; and immediately assign a Master in Chancery, expedite Plaintiff's cause of action according to Texas Supreme Court MISC DOCKET 12-9191 and Rule 169 of the TRCP in the interest of equity, good conscience, and justice for all the parties of Plaintiff's Trust. Such appointment should have already been done the moment Plaintiff filed his complaint.

Respectfully submitted,

Roman Gondorz
Authorized Representative for
R. J. Skye Foundation, LLC.
7447 Pipe Spring
San Antonio, Texas 78238
(210) 5096628

legal and factual issues, and whether an interpreter is necessary.

4. Rule 169(b) specifies that a party who prosecutes a suit under this rule cannot recover a judgment in excess of $100,000. Thus, the rule in *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938 (Tex. 1990), does not apply if a jury awards damages in excess of $100,000 to the party. The limitation of 169(b) does not apply to a counter-claimant that seeks relief other than that allowed under 169(a)(1).

5. The discovery limitations for expedited actions are set out in Rule 190.2, which is also amended to implement section 22.004(h) of the Texas Government Code.

## [RULE 170. Repealed effective April 1, 1984]

## RULE 171. MASTER IN CHANCERY

The court may, in exceptional cases, for good cause appoint a master in chancery, who shall be a citizen of this State, and not an attorney for either party to the action, nor related to either party, who shall perform all of the duties required of him by the court, and shall be under orders of the court, and have such power as the master of chancery has in a court of equity.

The order of references to the master may specify or limit his powers, and may direct him to report only upon particular issues, or to do or perform particular acts, or to receive and report evidence only and may fix the time and place for beginning and closing the hearings, and for the filing of the master's report. Subject to the limitations and specifications stated in the order, the master has and shall exercise the power to regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order. He may require the production before him of evidence upon all matters embraced in the reference, including the production of books, papers, vouchers, documents and other writings applicable thereto. He may rule upon the admissibility of evidence, unless otherwise directed by the order of reference and has the authority to put witnesses on oath, and may, himself, examine them, and may call the parties to the action and examine them upon oath. When a party so requests, the master shall make a record of the evidence offered and excluded in the same manner as provided for a court sitting in the trial of a case.

The clerk of the court shall forthwith furnish the master with a copy of the order of reference.

The parties may procure the attendance of witnesses before the master by the issuance and service of process as provided by law and these rules.

The court may confirm, modify, correct, reject, reverse or recommit the report, after it is filed, as the court may deem proper and necessary in the particular circumstances of the case. The court shall award reasonable compensation to such master to be taxed as costs of suit.

## RULE 172. AUDIT

When an investigation of accounts or examination of vouchers appears necessary for the purpose of justice between the parties to any suit, the court shall appoint an auditor or auditors to state the