CHAPIN & CHAPIN, INC., Fidelity and Deposit Company of Maryland, and United States Fidelity and Guaranty Company, Petitioners,

v.

TEXAS SAND & GRAVEL COMPANY, INC., Respondent.

No. D–1145.

Supreme Court of Texas.

Sept. 30, 1992.

Rehearing Overruled Jan. 20, 1993.

William V. Dorsaneo, III, Dallas, Richard N. Countiss, Houston, Kenneth E. Shollenbarger, Robert O. Fleming, Jr., Amarillo, for petitioners.

Tad Fowler, Amarillo, for respondent.

PER CURIAM.

Texas Sand & Gravel Co., a subcontractor, sued its general contractor, Chapin & Chapin, Inc. on a sworn account, alleging that Chapin had failed to pay Texas Sand for sand and gravel delivered to a construction project. Chapin denied Texas Sand's allegations, contending that it paid for all such materials it received. The trial court refused to allow Chapin to verify its denial less than seven days before trial, thereby restricting the evidence Chapin was permitted to offer at trial. A directed verdict for Texas Sand was affirmed on appeal. 844 S.W.2d 754. We hold that the trial court's refusal to allow Chapin to amend its answer was an abuse of discretion.

Texas Sand originally filed suit for breach of contract, not on open account. Several months after suit was filed, Texas Sand requested a trial setting, representing to the district court that all of its pleadings were "now in order". The trial court scheduled trial for a date about a month later. Before that date arrived, however, Texas Sand moved for a continuance and amended its pleadings to allege a sworn account. Chapin joined in the motion for continuance, and the trial was postponed. Texas Sand again moved for a continuance, and trial was postponed a second time. Six days before the third trial setting, Texas Sand and Chapin appeared at docket call and announced ready for trial. The next day, however, Chapin moved for leave to amend its answer to include a verified denial of Texas Sand's open account allegations. The trial court considered the motion the morning of trial. Texas Sand objected, arguing that it was ready to proceed only on the assumption that its verified petition, without a verified denial, would establish a prima facie case, that it was surprised by Chapin's attempt to file a verified denial, and that it would be unprepared to proceed if the verified denial were al-

lowed. The trial court denied Chapin's motion and proceeded to trial, prohibiting Chapin from adducing evidence of payment.

Rule 63, Tex.R.Civ.P. states that pleadings may be amended within seven days of trial "only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party." In *In re Laughlin*, 153 Tex. 183, 265 S.W.2d 805, 807 (1954), we acknowledged that under rule 66 "it has been held that amendment should be allowed to supply a necessary verification of a pleading."

Chapin argues that our recent opinion in *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938 (Tex.1990), is controlling. There we held that the trial court properly allowed plaintiff to amend the amount of damages claimed after the verdict was returned in the absence of surprise or prejudice to defendant. We stated:

> Not only did the trial court *not* abuse its discretion in granting the amendment, it would have been an abuse of discretion if the trial court had refused the amendment. Under Rules 63 and 66 a trial court has no discretion to refuse an amendment unless: 1) the opposing party presents evidence of surprise or prejudice, Tex.R.Civ.P. 63 and 66; *Hardin v. Hardin*, 597 S.W.2d 347, 350–351 (Tex. 1980) (Campbell, J., concurring); *see Food Source, Inc. v. Zurich Ins. Co.*, 751 S.W.2d 596, 599 (Tex.App.—Dallas 1988, writ denied); or 2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *Hardin v. Hardin*, 597 S.W.2d 347 (Tex.1980).

Texas Sand argues that *Hardin*, on which we relied in *Greenhalgh*, is controlling. *Hardin* held that the trial court did not abuse its discretion in refusing to allow a defendant to amend his pleadings the day of trial in a suit on a promissory note to assert, for the first time, duress, failure of consideration, fraud, illegality and unjust enrichment. This Court concluded: "These amendments could not have been anticipated by the plaintiff, and had they been permitted, they would have prejudiced the plaintiff's presentation of the case and resulted in unnecessary delay." 597 S.W.2d at 350.

The difference between *Greenhalgh*, in which we held that the amendment was not only proper but mandatory, and *Hardin*, in which we held that denial of the amendment was not an abuse of discretion, is that the amendment in the former case was of a formal, procedural nature—increasing the ad damnum—which simply conformed the pleadings to the evidence at trial and did not result in surprise or prejudice, while the amendment in the latter case was substantive—changing the bases of the defense—which rather clearly changed the nature of the trial itself. The present case—adding a verified denial—is more in the nature of a procedural change, like *Greenhalgh*, than a substantive change, like *Hardin*. By adding a verified denial in this case, Chapin did not change a single substantive issue for trial. Chapin's position throughout had been that it had already paid for all it got. The only change was procedural: Texas Sand would have been obliged to rebut Chapin's substantive defense and could not simply insist judgment on the pleadings. If Texas Sand had relied upon the absence of a verified denial to the extent that it was unprepared to proceed to trial and would thus have been prejudiced by Chapin's amendment, it would have been entitled to a continuance. However, Texas Sand's counsel stated that he was prepared to prove that all deliveries had been made or accounted for and that the amount claimed was owed. In these circumstances, following *Laughlin*, we conclude that the trial court's refusal to allow Chapin to verify its denial was an abuse of discretion.

Accordingly, a majority of this Court grants Chapin's motion for rehearing of its application for writ of error, grants that application, reverses the judgment of the court of appeals, and remands the case to the district court for further proceedings. Tex.R.App.P. 170.