Irwin 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00230-CV







Michael Irwin, Braxton Irwin, and Sally Irwin, Appellants



v.



Lynden Sargent and Patricia Sargent, Appellees








FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 93-0478, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING








 The Sargents initiated this lawsuit in May 1993, alleging in part that Lynden
Sargent and Michael Irwin formed a partnership to acquire and develop land, and that Michael
Irwin breached his fiduciary duties arising from that partnership. The Irwins by way of defense
denied the existence of the partnership in their answer, but failed to verify the denial as required
by Rule 93. See Tex. R. Civ. P. 93(5). When the Irwins' counsel declared in his opening
statement that no partnership had been formed, appellee objected on the grounds that appellants'
failure to verify their denial left them with no basis in their pleadings to disclaim the existence of
the partnership. The Irwins sought leave to file a trial amendment to supply the missing
verification. The trial court denied the request, and deemed the existence of the partnership
admitted. 

 Following a jury trial and favorable verdict, the trial court rendered judgment
awarding the Sargents the following: $15,838.36 actual damages for liquidation of Lynden
Sargent's interest in a partnership allegedly formed with Michael Irwin; $100,000.00 exemplary
damages; $123,500.00 attorney's fees, with additional sums to be paid in the event of an
unsuccessful appeal by the Irwins; and specific performance of a contract for the conveyance of
a piece of land which the Irwins had allegedly promised to convey to the Sargents. The Irwins
assert numerous points of error attacking the judgment, including the claim that the trial court
erred in refusing to allow a trial amendment verifying their special denial of the partnership's
existence. Because we agree, we will reverse the trial court's judgment. 

 Our rules of civil procedure provide that a trial court shall allow a trial amendment
when the objecting party fails to show that doing so would result in prejudice. Tex. R. Civ. P.
66. Rule 63 instructs that when a party seeks to amend its pleadings within seven days of the date
of trial, the trial court shall grant leave to do so unless the opposing party shows surprise resulting
from the amendment. Tex. R. Civ. P. 63. The supreme court has construed these rules together
to mean that a "trial court has no discretion to refuse an amendment unless 1) the opposing party
presents evidence of surprise or prejudice, or 2) the amendment asserts a new cause of action or
defense, and thus is prejudicial on its face, and the opposing party objects to the amendment." 
Greenhalgh v. Service Lloyds Ins. Co., 787 S.W.2d 938, 939 (Tex. 1990) (internal citations
omitted). 

 We first determine whether the amendment was prejudicial on its face. In
addressing the issue of supplying a verification, the supreme court has determined that the addition
of a verified denial "is more in the nature of a procedural change [which does] not change a single
substantive issue for trial." Chapin & Chapin v. Texas Sand & Gravel, 844 S.W.2d 664, 665
(Tex. 1992). The Chapin court held that the trial court abused its discretion by refusing to allow
Chapin & Chapin to verify its denial. Id.; see also In re Laughlin, 265 S.W.2d 805, 807 (Tex.
1954) (under Rule 66, trial court should allow amendment to supply verification necessary to
pleading). Under Chapin, appellants' amendment could not have been prejudicial on its face,
because allowing it would only work a procedural rather than a substantive change. Chapin, 844
S.W.2d at 665. 

 Turning to the first prong of the Greenhalgh test, the record reflects that appellees
made no attempt to show surprise or prejudice when the court heard arguments on allowing the
amendment. Instead they claimed, as they do on appeal, that appellants did not deny the existence
of the partnership outright, but denied only the terms of the partnership as described in appellees'
petition. In support of this contention appellees point to the language of appellants' denial, which
states, "The Irwins deny that a partnership existed as alleged by Plaintiffs." The inclusion of "as
alleged," according to appellees, qualifies appellants' denial of the partnership's existence. This
interpretation reads too much into appellants' denial. Texas Rule of Civil Procedure 93 states that
a party must verify "a denial of partnership as alleged in any pleadings as to any party to the
suit." Tex. R. Civ. P. 93(5) (emphasis added). A more straightforward view of appellants' denial
is that it simply tracked the language of Rule 93, and functioned as a denial of appellees'
allegation that a partnership was formed.

 Furthermore, if appellees had relied on the absence of a verified denial to the point
that they were unprepared to prove the existence of a partnership, and thus would have been
prejudiced by the amendment, they could have obtained a continuance to remedy the prejudice. 
See Chapin, 844 S.W.2d at 665. Appellees did not claim that they were unprepared to proceed
if the amendment were allowed, nor did they request a continuance. We hold that the trial court
abused its discretion in refusing to allow appellants to amend their pleadings to verify their denial
of the partnership's existence.

 We now consider whether, under the totality of the circumstances, the trial court's
error amounted to such a denial of appellants' rights that it was reasonably calculated to cause and
probably did cause the rendition of an improper judgment. Tex. R. App. P. 81(b)(1); Hart v.
Berko, Inc., 881 S.W.2d 502, 511 (Tex. App.--El Paso 1994, writ denied). In addressing
evidentiary rulings, one court of appeals has stated that "[r]eversible error does not usually occur
unless appellant can demonstrate that the case turns on the particular evidence admitted or
excluded." Silva v. Enz, 853 S.W.2d 815, 818 (Tex. App.--Corpus Christi 1993, writ denied). 
We believe an analogous standard is applicable to appellants' situation. In order to obtain
reversal, appellants must demonstrate that the proffered amended pleading presents the basis of
a defense central to the presentation of their case. See V.I.P. Commercial Contractors v. Alkas,
553 S.W.2d 656, 658 (Tex. Civ. App.--San Antonio 1977, no writ) (for harm to result from trial
court's refusal to allow amendment, amended pleading must present basis of a defense).

 Appellants pled the denial of the partnership as one of their three affirmative
defenses. During argument on the issue of the trial amendment, appellants insisted that "the entire
case from day one has been about the existence or the extent of the partnership," and that the
existence of the partnership was the "core issue" to their defense. We next consider what stake
appellants had in presenting this defense.

 The liquidated damages award flowed from the existence of the partnership. The
charge asked whether appellants breached their fiduciary duty to appellees; this duty arose from
the deemed existence of the partnership. The jury charge conditioned the award of exemplary
damages upon the finding of either fraudulent or malicious misrepresentation, fraudulent non-disclosure, or breach of fiduciary duty by appellants. See Cheek v. Humphreys, 800 S.W.2d 596,
599 (Tex. App.--Houston [14th Dist.] 1990, writ denied) (exemplary damages proper where
fiduciary has engaged in self-dealing). The jury found for appellees on each of these issues, and
the conditional language of the charge does not specify the basis for their exemplary damages
award; we cannot assess the role that the breach of fiduciary duty played in determining the
award. (1) See Gulf States Utils. Co. v. Dryden, 735 S.W.2d 263, 268 (Tex. App.--Beaumont 1987,
no writ) (reversal required when improper damages element is included and court cannot
determine what damages amount jury allocated to each element). Based on these facts, the issue
of the partnership could have played a central role in appellants' presentation of their defense, and
it certainly played a critical role in the rendition of the final judgment.

 Finally, we consider the practical ramifications of the trial court's error. The
deemed admission of the partnership relieved appellees of their burden to establish its existence. (2) 
See Ben Fitzgerald Realty Co. v. Muller, 846 S.W.2d 110, 120 (Tex. App.--Tyler 1993, writ
denied). This burden would have required appellees to prove each of the following elements: (1)
a community of interest in the venture; (2) an agreement to share profits; (3) an agreement to
share losses; and (4) a mutual right of control or management of the enterprise. Coastal Plains
Dev. Corp. v. Micrea, 572 S.W.2d 285, 287 (Tex. 1978); see Muller, 846 S.W.2d at 120 (as
general rule, partnership governed by same rules as joint venture). The question of a
partnership's existence is primarily a question of fact, and the fact finder must consider all of the
evidence and make a fact finding as to whether all of the elements of a partnership are present. 
Muller, 846 S.W.2d at 120. The intent of the parties is a prime element in making this
determination. Micrea, 572 S.W.2d at 287.

 Although they could not contest the existence of a partnership at trial, appellants
did adduce some evidence which bears on these issues. Michael Irwin testified that the property
which was the subject of the enterprise would be owned exclusively by Michael and Sally Irwin. 
The record reveals that there was an outstanding judgment against Lynden Sargent, which raises
questions concerning his ability to share losses. Also, the record is replete with evidence showing
that Lynden Sargent had no control over the accounts funding the construction, that he could not
draw on the accounts without a co-signature from one of the Irwins, and that he was not kept
informed of significant decisions made by Michael Irwin concerning the project. Michael Irwin, on the other hand, apparently drew on the account for a number of purchases
unrelated to the construction project. 

 Although appellees presented evidence that could have supported a finding that a
partnership existed, the jury never had the opportunity to consider all the relevant evidence and
decide whether appellees met their burden of proving a partnership. To the contrary, deliberating
under the assumption that there was a partnership, much of the evidence which otherwise would
tend to negate a partnership likely came across as evidence that appellants breached their fiduciary
duties arising from the presumed partnership. Furthermore, because the trial court's action
stripped appellants of a core defense, appellants were forced to rely on other defensive strategies
and thus were unable to fully develop record evidence which could have negated the elements of
a partnership. 

 Based on these circumstances, we conclude the trial court's error probably resulted
in the rendition of an improper judgment. We therefore sustain appellants' third point of error
and do not reach their remaining points of error. We reverse the judgment of the trial court and
remand the cause for further proceedings.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: October 18, 1995

Do Not Publish
1.   The jury question on exemplary damages read: 


If any of your answers to Question Nos. 1, 2, 4, 5, 6, 12, 14, or 16 are "Yes,"
then answer the following question:


What sum of money, paid now in cash, should be assessed against
Defendants as exemplary damages?
2.   Appellees assert that appellants actually admitted the partnership before and during
trial, and point to Michael Irwin's reference to Lynden Sargent as "a partner" in support
of this claim. This does not establish the existence of a partnership; "the terms used by
the parties in referring to the arrangement do not control." Coastal Plains Dev. Corp. v.
Micrea, 572 S.W.2d 285, 288 (Tex. 1978). 



practical ramifications of the trial court's error. The
deemed admission of the partnership relieved appellees of their burden to establish its existence. (2) 
See Ben Fitzgerald Realty Co. v. Muller, 846 S.W.2d 110, 120 (Tex. App.--Tyler 1993, writ
denied). This burden would have required appellees to prove each of the following elements: (1)
a community of interest in the venture; (2) an agreement to share profits; (3) an agreement to
share losses; and (4) a mutual right of control or management of the enterprise. Coastal Plains
Dev. Corp. v. Micrea, 572 S.W.2d 285, 287 (Tex. 1978); see Muller, 846 S.W.2d at 120 (as
general rule, partnership governed by same rules as joint venture). The question of a
partnership's existence is primarily a question of fact, and the fact finder must consider all of the
evidence and make a fact finding as to whether all of the elements of a partnership are present. 
Muller, 846 S.W.2d at 120. The intent of the parties is a prime element in making this
determination. Micrea, 572 S.W.2d at 287.

 Although they could not contest the existence of a partnership at trial, appellants
did adduce some evidence which bears on these issues. Michael Irwin testified that the property
which was the subject of the enterprise would be owned exclusively by Michael and Sally Irwin. 
The record reveals that there was an outstanding judgment against Lynden Sargent, which raises
questions concerning his ability to share losses. Also, the record is replete with evidence showing
that Lynden Sargent had no control over the accounts funding the construction, that he could not
draw on the accounts without a co-signature from one of the Irwins, and that he was not kept
informed of significant decisions made by Michael Irwin concerning the project. Michael Irwin, on the other hand, apparently drew on the account for a number of purchases
unrelated to the construction project. 

 Although appellees presented evidence that could have supported a finding that a
partnership existed, the jury never had the opportunity to consider all the relevant evidence and
decide whether appellees met their burden of proving a partnership. To the contrary, deliberating
under the assumption that there was a partnership, much of the evidence which otherwise would
tend to negate a partnership likely came across as evidence that appellants breached their fiduciary
duties arising from the presumed partnership. Furthermore, because the trial court's action
stripped appellants of a core defense, appellants were forced to rely on other defensive strategies
and thus were unable to fully develop record evidence which could have negated the elements of
a partnership. 

 Based on these circumstances, we conclude the trial court's error probably resulted
in the rendition of an improper judgment. We therefore sustain appellants' third point of error
and do not reach their remaining points of error. We reverse the judgment of the trial court and
remand the cause for further proceedings.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: October 18, 1995

Do Not Publish
1.   The jury question on exemplary damages read: 


If any of your answers to Question Nos. 1, 2, 4, 5, 6, 12, 14, or 16 are "Yes,"
then answer the following question:


What sum of money, paid now in cash, should be assessed against
Defendants as exemplary damages?