NUMBER 13-99-484-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________

ISLAND DUNES PROPERTY OWNERS' ASSOCIATION, HAWAIIAN ARANSAS,

LTD., WILLIAM H. PECKHAM, SYLVIA A. SHARP, WILLIAM E. BARNARD, GLORIA

BARNARD, MICHAEL E. BARNARD, KATHY BARNARD, AND CLINTA B. WILLIAMS, Appellants,


v.


BEXAR CONSTRUCTION SERVICES, INC., A TEXAS CORPORATION, Appellee.

____________________________________________________________________
On appeal from the 28th District Court of Nueces County, Texas.

____________________________________________________________________



MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Chavez (1) 

Opinion by Justice Yañez

Appellants, Island Dunes Property Owners Association, Hawaiian Aransas, Ltd. (Hawaiian), William Peckham, Sylvia A.
Sharp, William and Gloria Barnard, Michael E. and Kathy Barnard, (2) and Clinta B. Williams, appeal from a judgment
rendered for Bexar Construction Services, Inc. (Bexar). We reverse and remand.

Bexar filed suit against appellants under theories of quantum meruit, breach of contract, and suit on a sworn account. Bexar
also sought the foreclosure of a contractor's lien. At trial, before the admission of any evidence, Bexar moved for judgment
on the pleadings on its sworn account claim. The court rendered judgment on the sworn account and also ordered the
foreclosure of Bexar's lien against the defendants. 

In their fourth issue on appeal, appellants argue that the trial court abused its discretion by refusing to allow appellants to
amend their answer to include a verified denial of the sworn account. Amending an answer to add a verified denial to a suit
on a sworn account is a procedural change and a trial court abuses its discretion by refusing this amendment, even if offered
on the day of trial. Chapin & Chapin v. Texas Sand & Gravel Co., 844 S.W.2d 664, 665 (Tex. 1992)(per curiam).
Appellants' fourth issue on appeal is sustained. Because the remaining issues on appeal are not necessary to the disposition
of this appeal, we do not address them. (3) Tex. R. App. P. 47.1.

The judgment of the trial court is REVERSED and REMANDED for further proceedings consistent with this opinion.

 

LINDA REYNA YAÑEZ

Justice



Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

14th day of June, 2001.

1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't. Code Ann. § 74.003 (Vernon 1998).

2. In both its original and amended petitions, Bexar shows Michael E. and Kathy Barnard as "Marnard." This is a
misspelling not followed in the trial court's records.

3. With their second and third issues, appellants argue that the trial court erred in ordering foreclosure on Bexar's
contractor's lien. Because the lien was based upon the contractual claims, the propriety of any foreclosure is dependent
upon the trial court's disposition of the contractual claims.