# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00544-CV

**Freddie Lee Walker, Appellant**

**v.**

**Texas Department of Criminal Justice -- Institutional Division;
Hays County Sheriff's Department -- Identification & Records Department; and
Texas Department of Criminal Justice -- Darrington Unit Classification, Appellees**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
### NO. 03-0423, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Freddie Lee Walker is an inmate of the Texas Department of Criminal Justice -- Institutional Division ("the Department"). He alleges that in 1981, while in custody for another offense and following visitation with family, a guard at the Hays County Jail told him to "go to the back." When Walker did as he was told, another officer said that "he could file escape charges on him for being out of his assigned cell" and wrote into Walker's file that "[w]hile being detained in the Hays County Jail, inmate walked out of an unlocked door."[1] This allegation remained in Walker's records, and in 2003 the Department used it to downgrade Walker's prisoner status from

---

[1] We take this description of the events from Walker's brief. His petition for expunction says only that his Department records allege that in 1981 he escaped or attempted to escape from jail.

"S-2 Outside Trustee" to S-3. Walker then filed a petition for expunction, seeking to have the allegation expunged from his records. *See* Tex. Code Crim. Proc. Ann. arts. 55.01-.02 (West Supp. 2004). The trial court set the matter for a hearing, as required by statute. *See id.* art. 55.02, § 2(c). Walker listed the Hays County Sheriff's Department and two divisions of the Department as agencies holding records containing the allegation, but none of the named agencies answered or appeared in the trial court.[2] The trial court did not arrange for Walker's participation in the hearing by bench warrant, telephone conference, affidavit, or other means, and when Walker did not appear at the hearing,[3] the court dismissed the cause for want of prosecution. Walker filed a motion for new trial, explaining that he was incarcerated, asking for his cause to be reinstated, and asking to participate in hearings by telephone. The trial court did not act on Walker's motion, which was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c).

On appeal, Walker, representing himself *pro se*, argues that the trial court abused its discretion in denying his motion for new trial and that he showed that he was entitled to expunction. We reverse the order of dismissal and remand the cause to the trial court for further proceedings.

**Is Walker Entitled to Expunction as a Matter of Law?**

A person "placed under a custodial or noncustodial arrest" but never charged with the alleged offense may be entitled to expunction of all records or files related to the arrest. Tex. Code

---

[2] None of the agencies have filed a brief in this cause, and it appears that Walker may not have served the agencies with his appellant's brief.

[3] Walker did not explicitly request to participate in the hearing, but after learning of the hearing date, requested a default judgment on grounds that the agencies had not filed an answer to his petition and that his petition established his right to expunction.

Crim. Proc. Ann. art. 55.01(a)(2).[4]  To have records expunged, the petitioner may file a petition in the district court in the county where the arrest or the alleged offense occurred.  *Id*. art. 55.02, § 2. The petition must include, among other items:  the alleged offense, the date the offense was alleged to have been committed, the date of the arrest, the location where the arrest occurred, the agency that made the arrest, the case number and court, and a list of all state officials or agencies the petitioner believes has records or files subject to expunction.  *Id*. art. 55.02, § 2(b).  The trial court shall set a hearing on the matter and "shall give reasonable notice of the hearing to each official or agency . . . named in the petition."  *Id*. art. 55.02, § 2(c).  The trial court *must* enter an order of expunction if it finds that the petitioner is entitled to expunction.  *Id*. art. 55.02, § 2(d).

We initially note that Walker was not "arrested" for escape in the usual sense of the word.  Instead, Walker was already in custody for another offense and was alleged to have escaped by walking through an unlocked door within the jail.  This allegation was never formally charged by an indictment or information, and apparently there was no separate arrest made on the allegation. Aside from Walker's petition, we have no information as to what "records" were made of the incident.  However, "arrest," as contemplated by the expunction statute, occurs when a person is placed under restraint or taken into custody by a police officer, and is complete when a person's liberty of movement is restricted.  *See Carson v. State*, 65 S.W.3d 774, 782 (Tex. App.—Fort Worth

---

[4]  The further conditions for expunction are that limitations on the offense have run, the petitioner "has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision," and the petitioner "has not been convicted of a felony in the five years preceding the date of arrest."  Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp. 2004).

3

2001, no pet.) (quoting *Medford v. State*, 13 S.W.3d 769, 772-73 (Tex. Crim. App. 2000)); *Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 202 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Because the expunction statute is remedial in nature and is intended to give a petitioner a fresh start after being wrongly accused, we are to interpret the statute broadly, in the most comprehensive way possible. *Carson*, 65 S.W.3d at 780. For the purposes of this appeal, we will accept Walker's characterization of the escape allegation as a record of an arrest, as contemplated by the statute.[5] *Cf. Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (in plea to jurisdiction, courts generally take plaintiff's jurisdictional allegations as true).

In his petition, Walker listed the agencies or officials he believed had "records or files that are subject to expunction" and listed the date on, and the county in, which the escape was alleged to have occurred. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 2(b). The record does not reflect that the trial court directed the clerk to "give reasonable notice of the hearing to each official or agency . . . named in the petition by certified mail." *Id*. art. 55.02, § 2(c). Indeed, the record does not reflect that any notice of the petition or the hearing was provided to the agencies in any fashion. Because the record does not reflect that the trial court complied with the statutory requirement that the named agencies be given notice, *see Carson*, 65 S.W.3d at 781-82 (because expunction is statutorily created remedy, strict compliance with statute is required), and it is not clear whether the

---

[5] In the absence of the records at issue or response by the named agencies, we hold only that the incident *may* have amounted to an arrest and that the agencies *may* have records and files subject to expunction. We do not address the merits of this argument, and our narrow holding should not be interpreted as allowing inmates to seek expunction of disciplinary proceedings from their records.

statute is applicable to this allegation, we cannot hold that Walker was entitled as a matter of law to have his records expunged.[6]

## Did the Trial Court Err in Refusing to Grant Walker's Motion for New Trial?

We review a trial court's decision to dismiss a cause for want of prosecution under an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court may dismiss for want of prosecution either under its inherent power or under rule 165a of the rules of civil procedure. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *see* Tex. R. Civ. P. 165a. Under either source of authority, however, a party is entitled to notice and an opportunity to be heard before a court may dismiss a case for want of prosecution. *Villarreal*, 994 S.W.2d at 630. An inmate does not automatically lose his right to access the court system. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.—San Antonio 2001, no pet.). Although an inmate does not have an absolute right to appear in person in a civil proceeding, in determining how an inmate should participate, a trial court should attempt to strike a fundamentally fair balance between the integrity of the correctional system and the inmate's right of access to the courts. *Zuniga v. Zuniga*, 13 S.W.3d 798, 801 (Tex. App.—San Antonio 1999, no pet.); *see also Z.L.T.*, 124 S.W.3d at 165-66 (discussing request for bench warrant and holding that trial court has no duty to look beyond request for warrant; "the prisoner requesting a bench warrant must justify the need for his presence"). If an

---

[6] We note that Walker's petition is not verified by affidavit, as required by the statute. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 2(b) (West Supp. 2004). However, this defect is not fatal and on remand, Walker may cure the defect by amending his petition to include such verification. *See Chapin & Chapin, Inc. v. Texas Sand & Gravel Co.*, 844 S.W.2d 664, 665 (Tex. 1992).

inmate is not allowed to participate in person, or as in this case, does not request to do so, a trial court may afford the inmate the opportunity to proceed by affidavit, deposition, telephone, or other means. *Zuniga*, 13 S.W.3d at 802.

The trial court was on notice that Walker was incarcerated and therefore could not attend any hearing in person without some action or order by the court. Walker was notified of the hearing by a handwritten notation at the bottom of his filed-stamped petition, stating, "Hearing is set for May 12, 2003 at 9:00 am at Hay County Justice Center . . . By authority of the District Court," and by a letter sent to him by the district clerk in response to his inquiry as to the status of his petition. Neither notice refers to a possibility of dismissal in any way. Before the cause was dismissed, Walker sent a letter essentially moving for a default judgment, pointing out that the named agencies had not answered. In his motion for new trial, Walker again argued that a hearing on his petition was unnecessary and that the trial court could order the expunction as a matter of law based on his petition, citing *Ex parte Current*, 877 S.W.2d 833 (Tex. App.—Waco 1994, no writ).

Walker was not made aware that his failure to participate in the hearing would result in dismissal, and although he did not request to participate in the hearing in person or by other means, his filings demonstrate that he believed the agencies had received notice, the hearing was unnecessary, and the trial court could determine the merits of his petition as a matter of law without his presence. In his motion for new trial, Walker asserted that the trial court should have conducted the hearing by telephone conference call. It was error to dismiss Walker's suit without first giving him notice of the possibility of dismissal, *see Villarreal*, 994 S.W.2d at 630, and the trial court abused its discretion in refusing to grant Walker's motion for new trial and reinstate his petition for expunction.

6

**Conclusion**

Because the record does not establish that the named agencies received the statutorily required notice or that the allegation amounts to "records and files relating to [an] arrest" under the expunction statute, we cannot hold that Walker is entitled to expunction as a matter of law. However, we hold that the trial court abused its discretion in dismissing his suit for want of prosecution and refusing to grant his motion for new trial. We therefore reverse the trial court's order dismissing Walker's suit and remand the cause to the trial court for further proceedings.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed:   July 15, 2004

7