TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00544-CV






Freddie Lee Walker, Appellant


v.


Texas Department of Criminal Justice -- Institutional Division, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT

NO. 03-0423, HONORABLE GARY L. STEEL, JUDGE PRESIDING




 

M E M O R A N D U M O P I N I O N



 Appellant Freddie Lee Walker is an inmate of the Texas Department of Criminal
Justice -- Institutional Division ("the Department"). He alleges that in 1981, while in custody for
another offense and following visitation with family, a guard at the Hays County Jail told him to "go
to the back." When Walker did as he was told, another officer said that "he could file escape charges
on him for being out of his assigned cell" and wrote into Walker's file that "[w]hile being detained
in the Hays County Jail, inmate walked out of an unlocked door." (1) This allegation remained in
Walker's records, and in 2003 the Department used it to downgrade Walker's prisoner status from
"S-2 Outside Trustee" to S-3. Walker then filed a petition for expunction, seeking to have the
allegation expunged from his records. See Tex. Code Crim. Proc. Ann. arts. 55.01-.02 (West Supp.
2004). The trial court set the matter for a hearing, as required by statute. See id. art. 55.02, § 2(c). 
Walker listed the Hays County Sheriff's Department and two divisions of the Department as
agencies holding records containing the allegation, but none of the named agencies answered or
appeared in the trial court. (2) The trial court did not arrange for Walker's participation in the hearing
by bench warrant, telephone conference, affidavit, or other means, and when Walker did not appear
at the hearing, (3) the court dismissed the cause for want of prosecution. Walker filed a motion for new
trial, explaining that he was incarcerated, asking for his cause to be reinstated, and asking to
participate in hearings by telephone. The trial court did not act on Walker's motion, which was
overruled by operation of law. See Tex. R. Civ. P. 329b(c).

 On appeal, Walker, representing himself pro se, argues that the trial court abused its
discretion in denying his motion for new trial and that he showed that he was entitled to expunction. 
We reverse the order of dismissal and remand the cause to the trial court for further proceedings.


Is Walker Entitled to Expunction as a Matter of Law?


 A person "placed under a custodial or noncustodial arrest" but never charged with the
alleged offense may be entitled to expunction of all records or files related to the arrest. Tex. Code 

Crim. Proc. Ann. art. 55.01(a)(2). (4) To have records expunged, the petitioner may file a petition in
the district court in the county where the arrest or the alleged offense occurred. Id. art. 55.02, § 2. 
The petition must include, among other items: the alleged offense, the date the offense was alleged
to have been committed, the date of the arrest, the location where the arrest occurred, the agency that
made the arrest, the case number and court, and a list of all state officials or agencies the petitioner
believes has records or files subject to expunction. Id. art. 55.02, § 2(b). The trial court shall set a
hearing on the matter and "shall give reasonable notice of the hearing to each official or agency . . .
named in the petition." Id. art. 55.02, § 2(c). The trial court must enter an order of expunction if it
finds that the petitioner is entitled to expunction. Id. art. 55.02, § 2(d).

 We initially note that Walker was not "arrested" for escape in the usual sense of the
word. Instead, Walker was already in custody for another offense and was alleged to have escaped
by walking through an unlocked door within the jail. This allegation was never formally charged
by an indictment or information, and apparently there was no separate arrest made on the allegation. 
Aside from Walker's petition, we have no information as to what "records" were made of the
incident. However, "arrest," as contemplated by the expunction statute, occurs when a person is
placed under restraint or taken into custody by a police officer, and is complete when a person's
liberty of movement is restricted. See Carson v. State, 65 S.W.3d 774, 782 (Tex. App.--Fort Worth 

2001, no pet.) (quoting Medford v. State, 13 S.W.3d 769, 772-73 (Tex. Crim. App. 2000)); Harris
County Dist. Attorney's Office v. Burns, 825 S.W.2d 198, 202 (Tex. App.--Houston [14th Dist.]
1992, writ denied). Because the expunction statute is remedial in nature and is intended to give a
petitioner a fresh start after being wrongly accused, we are to interpret the statute broadly, in the
most comprehensive way possible. Carson, 65 S.W.3d at 780. For the purposes of this appeal, we
will accept Walker's characterization of the escape allegation as a record of an arrest, as
contemplated by the statute. (5) Cf. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000)
(in plea to jurisdiction, courts generally take plaintiff's jurisdictional allegations as true).

 In his petition, Walker listed the agencies or officials he believed had "records or files
that are subject to expunction" and listed the date on, and the county in, which the escape was
alleged to have occurred. See Tex. Code Crim. Proc. Ann. art. 55.02, § 2(b). The record does not
reflect that the trial court directed the clerk to "give reasonable notice of the hearing to each official
or agency . . . named in the petition by certified mail." Id. art. 55.02, § 2(c). Indeed, the record does
not reflect that any notice of the petition or the hearing was provided to the agencies in any fashion. 
Because the record does not reflect that the trial court complied with the statutory requirement that
the named agencies be given notice, see Carson, 65 S.W.3d at 781-82 (because expunction is
statutorily created remedy, strict compliance with statute is required), and it is not clear whether the
statute is applicable to this allegation, we cannot hold that Walker was entitled as a matter of law to
have his records expunged. (6)



Did the Trial Court Err in Refusing to Grant Walker's Motion for New Trial?


 We review a trial court's decision to dismiss a cause for want of prosecution under
an abuse of discretion standard. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997). A trial court
may dismiss for want of prosecution either under its inherent power or under rule 165a of the rules
of civil procedure. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); see
Tex. R. Civ. P. 165a. Under either source of authority, however, a party is entitled to notice and an
opportunity to be heard before a court may dismiss a case for want of prosecution. Villarreal, 994
S.W.2d at 630. An inmate does not automatically lose his right to access the court system. Hudson
v. Palmer, 468 U.S. 517, 523 (1984); In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003); Ex parte
Guajardo, 70 S.W.3d 202, 205 (Tex. App.--San Antonio 2001, no pet.). Although an inmate does
not have an absolute right to appear in person in a civil proceeding, in determining how an inmate
should participate, a trial court should attempt to strike a fundamentally fair balance between the
integrity of the correctional system and the inmate's right of access to the courts. Zuniga v. Zuniga,
13 S.W.3d 798, 801 (Tex. App.--San Antonio 1999, no pet.); see also Z.L.T., 124 S.W.3d at 165-66
(discussing request for bench warrant and holding that trial court has no duty to look beyond request
for warrant; "the prisoner requesting a bench warrant must justify the need for his presence"). If an
inmate is not allowed to participate in person, or as in this case, does not request to do so, a trial
court may afford the inmate the opportunity to proceed by affidavit, deposition, telephone, or other
means. Zuniga, 13 S.W.3d at 802.

 The trial court was on notice that Walker was incarcerated and therefore could not
attend any hearing in person without some action or order by the court. Walker was notified of the
hearing by a handwritten notation at the bottom of his filed-stamped petition, stating, "Hearing is set
for May 12, 2003 at 9:00 am at Hay County Justice Center . . . By authority of the District Court,"
and by a letter sent to him by the district clerk in response to his inquiry as to the status of his
petition. Neither notice refers to a possibility of dismissal in any way. Before the cause was
dismissed, Walker sent a letter essentially moving for a default judgment, pointing out that the
named agencies had not answered. In his motion for new trial, Walker again argued that a hearing
on his petition was unnecessary and that the trial court could order the expunction as a matter of law
based on his petition, citing Ex parte Current, 877 S.W.2d 833 (Tex. App.--Waco 1994, no writ).

 Walker was not made aware that his failure to participate in the hearing would result
in dismissal, and although he did not request to participate in the hearing in person or by other
means, his filings demonstrate that he believed the agencies had received notice, the hearing was
unnecessary, and the trial court could determine the merits of his petition as a matter of law without
his presence. In his motion for new trial, Walker asserted that the trial court should have conducted
the hearing by telephone conference call. It was error to dismiss Walker's suit without first giving
him notice of the possibility of dismissal, see Villarreal, 994 S.W.2d at 630, and the trial court
abused its discretion in refusing to grant Walker's motion for new trial and reinstate his petition for
expunction.

Conclusion


 Because the record does not establish that the named agencies received the statutorily
required notice or that the allegation amounts to "records and files relating to [an] arrest" under the
expunction statute, we cannot hold that Walker is entitled to expunction as a matter of law. 
However, we hold that the trial court abused its discretion in dismissing his suit for want of
prosecution and refusing to grant his motion for new trial. We therefore reverse the trial court's
order dismissing Walker's suit and remand the cause to the trial court for further proceedings.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed: July 15, 2004
1. We take this description of the events from Walker's brief. His petition for expunction
says only that his Department records allege that in 1981 he escaped or attempted to escape from jail.
2. None of the agencies have filed a brief in this cause, and it appears that Walker may not
have served the agencies with his appellant's brief.
3. Walker did not explicitly request to participate in the hearing, but after learning of the
hearing date, requested a default judgment on grounds that the agencies had not filed an answer to
his petition and that his petition established his right to expunction.
4. The further conditions for expunction are that limitations on the offense have run, the
petitioner "has been released and the charge, if any, has not resulted in a final conviction and is no
longer pending and there was no court ordered community supervision," and the petitioner "has not
been convicted of a felony in the five years preceding the date of arrest." Tex. Code Crim. Proc.
Ann. art. 55.01(a)(2) (West Supp. 2004).
5. In the absence of the records at issue or response by the named agencies, we hold only that
the incident may have amounted to an arrest and that the agencies may have records and files subject
to expunction. We do not address the merits of this argument, and our narrow holding should not
be interpreted as allowing inmates to seek expunction of disciplinary proceedings from their records.
6. We note that Walker's petition is not verified by affidavit, as required by the statute. See
Tex. Code Crim. Proc. Ann. art. 55.02, § 2(b) (West Supp. 2004). However, this defect is not fatal
and on remand, Walker may cure the defect by amending his petition to include such verification. 
See Chapin & Chapin, Inc. v. Texas Sand & Gravel Co., 844 S.W.2d 664, 665 (Tex. 1992).