NUMBER 13-05-094-CV


 

COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ALFONSO DE LOS RIOS, Appellant,


v.


FIRST COMMUNITY CREDIT UNION, Appellee.

 


On appeal from the County Court at Law No. 2 


of Harris County, Texas.

 

 

MEMORANDUM OPINION
 


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Garza
 

Alfonso Del Los Rios appeals the county court's order striking his amended original
petition against First Community Credit Union. Appellant describes this appeal as arising
from his unsuccessful attempts to obtain "a new trial de novo" in county court following an
"unfavorable judgment" in justice court. See Tex. R. Civ. P. 571, 573, 574b. Appellant
raises three issues for our review: (1) whether findings of fact 12, 13, and 14, which
involve "estoppel by judgment," are supported by the record; (2) whether conclusions of
law 4, 5, 10, and 11 are erroneous statements of the law; and (3) whether it was improper
for the county court to resolve issues involving litigation in the justice court without
reviewing a record from the justice court. We affirm the county court's order. 

In his first issue, appellant complains that the county court's findings of estoppel by
judgment are unsupported by the record because there was no valid judgment from the
justice court in the record before the county court. Appellant cites the Texas Supreme
Court's opinion in Mower v. Boyer, which states in relevant part:

A prior adjudication of an issue will be given estoppel effect only if it was
adequately deliberated and firm. The factors to be considered in making this
determination are (1) whether the parties were fully heard, (2) that the court
supported its decision with a reasoned opinion, and (3) that the decision was
subject to appeal or was in fact reviewed on appeal.

Mower v. Boyer, 811 S.W.2d 560, 562 (Tex. 1991). 

 Although we understand that appellant seeks to obtain "a new trial de novo" in
county court following an "unfavorable judgment" in justice court, his first issue does not
entitle him to such relief. The clerk's record in this appeal includes a copy of the final
judgment signed by the justice of the peace. The clerk's record indicates that the judgment
from justice court was filed with the county court prior to the county court's order dismissing
appellant's amended petition. Appellant's complaint about the absence of a valid judgment
in the record is therefore baseless. His first issue is overruled.

 In his second issue, appellant contends that the trial court's conclusions of law 4,
5, 10, and 11 are erroneous. Having reviewed the briefs and the record, we hold that
appellant has not shown himself entitled to relief because he has failed to address and
negate all bases for the county court's ruling. 

 In the following findings of fact, which have not been challenged on appeal, the
county court explained how this case was initiated in county court as a challenge to a ruling
by the justice of the peace but then turned into an entirely different proceeding against First
Community Credit Union:

1. This action was filed as an original mandamus against the justice court
trial judge . . . on February 12, 2004. 


* * * 


4. At trial the court rendered judgment denying the writ, based upon the
agreement of the parties that Plaintiff stipulated to withdrawal of his
pleadings seeking the writ. 


* * * 


8. On October 26, 2004, without obtaining leave of Court to do so, and over
a month after trial and rendition of judgment, Plaintiff filed a post-trial
amendment adding a new party and new causes of action.


 In the following conclusions of law, which have not been challenged on appeal, the
trial court explained its reasons for not allowing appellant to change the nature of the case
post-trial: 


1. The sole issue in Plaintiff's original action, filed in this cause, was whether
or not Plaintiff . . . was entitled to appeal his case from justice court and was
entitled to a writ to compel the [justice of the peace] . . . to forward the record
on appeal.


2. It was appropriate for the Plaintiff to seek the remedy of mandamus
where the justice court refused to forward the record to the county court
because it held that jurisdiction of the appeal had been lost. 


3. The order of November 19, 2004 . . . [denied] the only relief requested by
Plaintiff, as of that time and, in effect, disposed of [the] sole issue presented
for trial between the two then current parties.


* * * 

6. The Plaintiff's post-trial amendment completely changes the cause of
action from a mandamus proceeding to a case for damages against FIRST
COMMUNITY CREDIT UNION, adding an entirely new party and new causes
of action. 


7. Allowing the joinder of new parties and the introduction of entirely new
claims, after the rendition of judgment is an abuse of discretion by the trial
court, as Rule 37 expressly limits the power to add new parties to the pretrial
period. 


8. Striking the pleading removing an improperly joined party is the
appropriate remedy . . . for a violation of Rule 37. 


 Appellant's second issue on appeal challenges conclusions of law 4, 5, 10 and 11. 
In doing so, appellant has only tangentially addressed Rule 37 as an independent ground
for the trial court's ruling. Tex. R. Civ. P. 37. Appellant dismisses the applicability of Rule
37, arguing that the rule "has nothing do with appellant's motion to restyle an improperly
styled pleading." Appellant also dismisses the applicability of Rule 63 on the same basis. 
Tex. R. Civ. P. 63.

 The findings of fact and conclusions of law quoted above indicate that the trial court
did not view appellant's motion as simply a motion "to restyle an improperly styled
pleading." The trial court ruled that appellant was improperly seeking to change the nature
of the case post-trial by adding a new defendant and new claims. We agree. 

 Rule 37 states

Before a case is called for trial, additional parties, necessary or proper
parties to the suit, may be brought in, either by the plaintiff or the defendant,
upon such terms as the court may prescribe; but not at a time nor in a
manner to unreasonably delay the trial of the case. 


Tex. R. Civ. P. 37. 

 Rule 63 states

Parties may amend their pleadings . . . as they may desire by filing such
pleadings with the clerk at such time as not to operate as a surprise to the
opposite party; provided, that any pleadings . . . offered for filing within seven
days of the date of trial or therefore, or after such as may be ordered by the
judge under Rule 166, shall be filed only after leave of the judge is obtained,
which leave shall be granted by the judge unless there is a showing that such
filing will operate as a surprise to the opposing party. 


Tex. R. Civ. P. 63.

 Because Rules 37 and 63 limit a party's ability to amend pleadings, it is incumbent
on appellant to establish in this appeal that the trial court abused its discretion in denying
the amendment. Appellant has not discussed the trial court's discretion and has therefore
not shown abuse of discretion or established that he is entitled to the relief requested. 

 We are confident that the trial court reached the correct result. An amendment is
substantive and therefore prejudicial on its face if it adds allegations that have no common
elements with and require different evidentiary proof than the issues raised in the live
pleading, and if the inclusion of these allegations at the outset would have reshaped the
nature of the trial itself. Chapin & Chapin, Inc. v. Tex. Sand & Gravel Co., 844 S.W.2d
664, 665 (Tex. 1992) (per curiam); see also Price v. Short, 931 S.W.2d 677, 685-86 (Tex.
App.--Dallas 1996, no writ) ("An amended pleading that asserts a new cause of action or
defense and 'reshapes' the litigation prejudices the opposing party. In such a case, the
trial court's decision to allow or deny a trial amendment may be reversed only if it is a clear
abuse of discretion.") (internal citations omitted). Appellant's second issue is therefore
overruled. 

 Finally, we note that although appellant has identified three issues for appeal,
appellant's brief includes arguments for only the first two issues. See Tex. R. App. P.
38.1(h). The third issue, on which appellant's brief does not elaborate, is that "issues
involving litigation in the Justice Court cannot be decided without the record from the
Justice Court." Presumably, this issue has not been briefed separately because it ties into
appellant's first issue concerning estoppel by judgment and the absence of a final, signed
judgment from the justice court. We have noted that a final, signed judgment is included
in the clerk's record, and we have also explained how the judgment undermines appellant's
first issue, rendering it baseless. To the extent that appellant's third issue is properly
before this Court, the presence of a final, signed judgment in the clerk's record precludes
any finding of error based on the contentions raised on appeal. Appellant's third issue is
therefore overruled. 

 The order of the trial court is AFFIRMED. 

 


 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered 

and filed this the 24th day of May, 2007.