

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JENNETTE CROSS, | § | No. 08-14-00200-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | County Court at Law No. 2 |
| ROMAN WAGNER, | § | |
| | § | of Travis County, Texas |
| Appellee. | § | |
| | § | (TC# C-l-CV-13-002263) |
| | § | |

**O P I N I O N**

Under Rule 169 of the Texas Rules of Civil Procedure, claimants have the opportunity to fast-track most civil cases through an "expedited actions process." TEX. R. CIV. P. 169(a, d). This expedited process limits and accelerates discovery, limits and accelerates alternative dispute resolution, limits continuances and requires a timely trial setting, limits challenges to expert testimony, and limits the time for the presentation of evidence and arguments during the trial itself. *Id*. at 169(d). To invoke this expedited process, claimants must affirmatively plead that "they seek only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." *Id*. at 169(a)(1). But, there is a penalty for invoking Rule 169: "In no event may a party who prosecutes a suit under this rule recover a judgment in excess of $100,000, excluding post-judgment interest." *Id*. at 169(b).

Following an automobile accident, Roman Wagner sued Jennette Cross and invoked Rule 169. At trial, Wagner asked the jury to award him damages totaling more than $100,000. The jury found that both Wagner and Cross were negligent and assigned 49% responsibility to Wagner and 51% to Cross. The jury also found that Wagner had suffered damages totaling $170,225.22 in the aggregate.

Wagner asked the trial court to reduce his recovery by his 49% percentage of responsibility as required by Section 33.012 of the Texas Civil Practice and Remedies Code and to enter a judgment for $86,814.86 in actual damages (*i.e.*, 51% of the damages found by the jury), plus pre-judgment interest and court costs, for a total judgment of $92,718.19. Cross filed a motion for judgment notwithstanding the verdict and argued that because the case had been tried as an expedited action under Rule 169, the maximum judgment could not exceed $51,000 (*i.e.*, 51% of the $100,000 cap). The trial court entered a judgment totaling $92,718.19, as requested by Wagner.

On appeal, Cross contends the trial court erred in allowing Wagner to seek recovery in excess of $100,000 and that the trial court violated the mandates of Rule 169 in rendering judgment in excess of $51,000. Accordingly, Cross asks us to reduce the trial court's judgment and render judgment for $51,000. We disagree and affirm the trial court's judgment.[1]

In making her arguments, Cross relies on the language of Rule 169. Cross correctly points out that the interpretation of a procedural rule is a question of law, which we review de novo by applying the same canons of construction applicable to statutes. *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015); *Morris v. Aguilar,* 369 S.W.3d 168, 171 n.4 (Tex. 2012);

---

[1] This case was transferred from the Austin Court of Appeals, and we decide it in accordance with the precedent of that Court to the extent required by TEX. R. APP. P. 41.3.

2

*see also Assignees of Best Buy v. Combs*, 395 S.W.3d 847, 864 (Tex.App. – Austin 2013, pet. denied). Accordingly, we start by giving Rule 169's language its plain and literal meaning. *Zorrilla*, 469 S.W.3d at 155; *In re Christus Spohn Hosp. Kleberg,* 222 S.W.3d 434, 437 (Tex. 2007); *Assignees of Best Buy*, 395 S.W.3d at 864. If the rule's language is unambiguous, we must interpret it according to its plain meaning, giving meaning to the language consistent with other provisions in the rule. *Assignees of Best Buy*, 395 S.W.3d at 864; s*ee TGS–NOPEC Geophysical Co. v. Combs,* 340 S.W.3d 432, 439, 441 (Tex. 2011) (addressing statutory construction). Thus, our decision in this case is controlled by the language used in Rule 169.

In 2011, the Legislature enacted Section 22.004(h) of the Texas Government Code, which required the Texas Supreme Court to adopt rules for civil cases in which the amount in controversy did not exceed $100,000 that would lower discovery costs and ensure that the actions would be expedited. TEX. GOV'T CODE ANN. § 22.004(h) (West Supp. 2015).[2] Accordingly, the Texas Supreme Court promulgated Rule 169 in 2013.[3] Rule 169 provides in relevant part:

> (a) Application.
>
> (1) The expedited actions process in this rule applies to a suit in which all claimants, other than counter-claimants, affirmatively plead that they seek only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.
>
> . . .
>
> (b) Recovery. In no event may a party who prosecutes a suit under this rule recover a judgment in excess of $100,000, excluding post-judgment interest.

The comments to Rule 169 note in relevant part:

---

[2] Acts 2011, 82nd Leg., ch. 203 (H.B. 274), § 2.01, eff. Sept. 1, 2011.

[3] *See* Misc. Docket No. 13–9022 (Tex. Feb. 12, 2013, order), *available at* http://www.txcourts.gov/All_Archived_Documents/SupremeCourt/AdministrativeOrders/miscdocket/13/1390220 0.pdf (last visited May 24, 2016). The order provides that Rule 169 applies to cases filed on or after March 1, 2013. *Id.* Wagner filed his original petition on March 6, 2013.

4. Rule 169(b) specifies that a party who prosecutes a suit under this rule cannot recover a judgment in excess of $100,000. Thus, the rule in *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938 (Tex. 1990), does not apply if a jury awards damages in excess of $100,000 to the party. . . .

The gravamen of Cross's complaint is that "any award by the jury" in excess of $100,000 is capped by Rule 169, and that consequently, the trial court erred in "not capping the jury's award" at $100,000 prior to reducing the award by the proportionate responsibility of the parties. Rule 169, however, does not mandate that "any award of the jury" be capped at $100,000. Rather, by its plain language, Rule 169 mandates only that "[i]n no event may a party who prosecutes a suit under this rule *recover a judgment* in excess of $100,000[.]" TEX. R. CIV. P. 169(b) (emphasis added). The comments reflect the scope of this mandate by stating: "Rule 169(b) specifies that a party who prosecutes a suit under this rule *cannot recover a judgment* in excess of $100,000. TEX. R. CIV. P. 169, cmt. 4 (emphasis added). By its clear and unambiguous terms then, Rule 169 did not require the trial court to cap the jury's award at $100,000, but rather only required the trial court to cap its judgment to prevent an ultimate recovery of over $100,000. Further, there is nothing in the language of Rule 169 requiring the trial court to cap the jury's award at $100,000 before reducing that award by the proportionate responsibility of the parties.

In support of her argument, Cross relies on the statement in comment 4 to Rule 169 that the Texas Supreme Court's decision in *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938 (Tex. 1990), does not apply if the jury awards damages in excess of $100,000. Cross's reliance on comment 4 is misplaced. In *Greenhalgh*, the jury's award of punitive damages exceeded the amount of punitive damages the plaintiff requested in his petition, and the trial court granted a post-verdict motion to amend plaintiff's pleadings to conform those pleadings to the jury's verdict so that it could enter judgment on the full amount of punitive damages found by the jury. *Id.* at

4

939. The Supreme Court held that "in the absence of a showing of surprise or prejudice by an opposing party, a trial court must grant leave to a party to amend his or her pleadings to conform the amount of damages requested to that awarded by the jury." *Id*. at 941.

Cross interprets comment 4 to require the trial court to limit the "jury's award" to $100,000. This interpretation, however, conflicts with the clear language in Rule 169 itself that a party may not "recover a judgment" in excess of $100,000. TEX. R. CIV. P. 169(b). Further, the trial court did not apply *Greenhalgh* in rendering judgment for Wagner. *Greenhalgh* allowed the plaintiff to amend his pleadings to conform to the jury award and to recover a judgment for more than he alleged. That did not happen here. Wagner specifically limited his recovery to $100,000 or less in his petition , he did not request or obtain a post-verdict amendment for a higher amount to conform to the jury's verdict, and the trial court's judgment did not allow Wagner to recover more than $100,000. By disallowing the application of *Greenhalgh*, comment 4 was intended to prevent an "end run" around Rule 169, by allowing a party to invoke Rule 169 and to benefit from its expedited actions process but then to obtain a judgment in excess of $100,000 by convincing the trial court to allow an amendment to his pleadings if the jury awarded over $100,000. No such "end run" occurred here.

Cross also argues that once invoked, Rule 169 barred Wagner from even asking the jury to award her damages in excess of $100,000. As above, however, Rule 169 by its terms did not prevent Wagner from asking the jury to award damages totaling more than $100,000 in the aggregate. It only disallowed the recovery of a judgment in excess of $100,000. In this regard, Cross's reliance on subsection (a)(1) of Rule 169 is misplaced. Subsection (a)(1) nowhere states that a claimant cannot ask the jury to award damages in excess of $100,000. That subsection,

5

which is entitled "application," by its terms, governs only when Rule 169 "applies," *i.e.*, "to a suit in which all claimants, other than counter-claimants, affirmatively plead that they seek only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." TEX. R. CIV. P. 169(a)(1).

In sum, Rule 169, by its clear and unambiguous terms, simply states that Wagner could not "recover *a judgment in excess of $100,000*, excluding post-judgment interest." *Id.* at 169(b) (emphasis added). Wagner did not recover a judgment in excess of $100,000, and thus there was no violation of Rule 169. Rule 169 does not prevent a claimant from asking the jury to award damages totaling more than $100,000, nor does it bar a trial court from considering the jury's award of damages totaling more than $100,000 in reducing the claimant's recovery based on his percentage of responsibility.[4]

The only thing Rule 169 prevents is recovery of "a *judgment* in excess of $100,000[.]" Since Wagner did not recover a judgment in excess of $100,000, the trial court did not err in its application of Rule 169. Accordingly, we overrule all of the issues raised by Cross on appeal and affirm the trial court's judgment.

STEVEN L. HUGHES, Justice

July 6, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

---

[4] We disagree with Wagner that Cross waived error by failing to object at trial. Cross raised her concerns about the application of Rule 169 in her motion for judgment notwithstanding the verdict, which she filed in response to Wagner's motion for judgment and before the trial court entered judgment. This was sufficient to preserve error. *See Zorrilla*, 469 S.W.3d at 155 (holding that defendant properly preserved error that the statutory cap on punitive damages should have been applied to the jury's award of punitive damages, even though the defendant did not specifically plead the statutory cap and did not raise the issue until her motion for new trial). Because Cross properly preserved error, we do not reach her contention that the requirements of Rule 169 are "jurisdictional" and cannot be waived. We note, however, that Rule 169 does not contain any language that attempts to limit the court's jurisdiction. TEX. R. CIV. P. 169(b).