

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00116-CV

---

### IN RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, RELATOR

---

ORIGINAL PROCEEDING

---

May 18, 2018

## OPINION

### Before CAMPBELL and PIRTLE and PARKER, JJ.

Texas Rule of Civil Procedure 169 creates an expedited actions process for lawsuits in which all claimants affirmatively plead that they seek only monetary damages aggregating $100,000 or less. *See* TEX. R. CIV. P. 169.[1] However, a court must remove a suit from this expedited process on the motion of a party and a showing of good cause. *See* Rule 169(c)(1). Relator and defendant below, State Farm Automobile Insurance Company, moved this Court to stay further proceedings in the underlying lawsuit[2] and to

---

[1] Further reference to Texas Rules of Civil Procedure will be by reference to "Rule __."

[2] By order issued May 8, 2018, this Court stayed further proceedings in the underlying lawsuit pending our resolution of the present mandamus request.

issue a writ of mandamus directing the Honorable W. F. "Corky" Roberts, Potter County Court at Law No. 1, to remove this case from the expedited process of Rule 169 or, alternatively, to enter a scheduling order that complies with Rule 169's expedited process. Concluding that State Farm has shown that the trial court's scheduling order constitutes a clear abuse of discretion for which it has no adequate remedy at law, we conditionally grant the petition.

## Factual and Procedural Background

State Farm provides automobile insurance to Johnie Pearl Robbins, real party in interest. Robbins was involved in a car crash in June of 2013. She brought suit against the driver of the other car but reached a settlement of her claims for the full amount of that driver's insurance policy ($52,500). Contending that her damages were not satisfied by the settlement, Robbins asserted a claim against State Farm under the uninsured/underinsured motorist (UIM) portion of her automobile policy. After Robbins and State Farm were unable to reach a settlement of her claim, on October 3, 2017, Robbins filed suit.[3]

In her original petition, Robbins sought damages exceeding $100,000 but less than $200,000, and indicated her intent that discovery be conducted under discovery level 2. After State Farm filed an answer and served discovery requests on Robbins, Robbins amended her petition to allege damages of $100,000 or less in order that the case would

---

[3] In addition to her claims for breach of contract, Robbins asserts claims for common law and statutory bad faith, negligence, and fraud. However, these extra-contractual claims have been severed and abated from Robbins's claims for breach of contract upon which this original proceeding is based.

proceed as an expedited action under Rule 169. On Robbins's request, the trial court entered an order referring the parties to mediation by December 18, 2017.

On November 15, 2017, State Farm filed a motion to modify the court's mediation order and request entry of a scheduling order. In this motion, State Farm contends that it was not afforded sufficient time to conduct discovery before the December 18 mediation deadline, and that this case is too complex for the expedited actions process. While the mandamus record provided by State Farm does not indicate whether the mediation was held, the trial court denied State Farm's request to remove the case from the expedited actions process when it entered its December 27, 2017 scheduling order. This scheduling order actually limits the discovery period more than prescribed by Rules 169 and 190.2.

On January 3, 2018, State Farm again filed a motion to modify the scheduling order. In its motion, State Farm expressly identified that the trial court's scheduling order does not follow the timelines specified in Rules 169 and 190.2. State Farm again argued that this case is not appropriate for the expedited actions process since it involves medical issues that are too complex to be adequately addressed in such a shortened timeframe. On April 2, the trial court denied State Farm's motion. The trial court notified the parties that trial was set for May 14.

State Farm filed with this Court an emergency motion to stay proceedings in the trial court and a petition for writ of mandamus. State Farm contends that the trial court clearly abused its discretion by failing to remove this case from the expedited actions process of Rules 169 and 190.2. Additionally, State Farm contends that the trial court's imposition of "extra-truncated discovery and trial deadlines" are a clear abuse of

discretion as they conflict with Rules 169 and 190.2. State Farm further contends that these abuses of discretion deny it an adequate remedy at law because, under the trial court's orders, State Farm would be forced to go to trial without first being allowed to conduct sufficient discovery. As such, State Farm argues that mandamus is appropriate because the trial court's discovery limitations will vitiate or severely compromise its ability to present a defense to Robbins's claims.

## Mandamus Standard

To be entitled to mandamus relief, State Farm must prove that the trial court clearly abused its discretion and it has no adequate remedy by appeal. *In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The burden to demonstrate entitlement to mandamus relief is on the relator. *See Walker*, 827 S.W.2d at 837.

A trial court commits a clear abuse of discretion when it reaches a decision so arbitrary and unreasonable that the decision amounts to a clear and prejudicial error of law or clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker*, 827 S.W.2d at 839. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker*, 827 S.W.2d at 840. A showing that the trial court could have reasonably reached only one decision is necessary to establish a clear abuse of discretion. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding).

An appellate remedy is not inadequate merely because it involves more cost or delay than mandamus. *In re Adkins*, 70 S.W.3d 384, 389 (Tex. App.—Fort Worth 2002,

4

orig. proceeding) (citing *In re Ford Motor Co.*, 988 S.W.2d at 721). However, a party is denied an adequate remedy at law when the party's ability to present a viable claim or defense at trial will be vitiated or severely compromised by the trial court's discovery order. *Id.* (citing *In re Ford Motor Co.*, 988 S.W.2d at 721, and *Walker*, 827 S.W.2d at 843). However, to prove entitlement to mandamus relief, "the relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources." *Id.* (citing *Walker*, 827 S.W.2d at 843).

## Law and Analysis

Texas Rule of Civil Procedure 169 establishes an "expedited actions process" that allows most civil claimants to fast-track their claims. *See* Rule 169; *Cross v. Wagner*, 497 S.W.3d 611, 612 (Tex. App.—El Paso 2016, no pet.). A claimant can invoke this process by affirmatively pleading that she seeks monetary relief aggregating $100,000 or less. Rule 169(a)(1). Under this expedited process, limits are applied to discovery, continuances, challenges to experts, and time for presentation of evidence and argument at trial. Rule 169(d); *Cross*, 497 S.W.3d at 612. The discovery limitations are identified in Rule 190.2, and include a discovery period that begins when suit is filed and ends 180 days after the first request for discovery is served on a party; a total of six hours of oral depositions for each party; and no more than fifteen interrogatories, requests for production, and requests for admissions. Rule 190.2(b); *see* Rule 169(d)(1) ("Discovery is governed by Rule 190.2"). A court must remove a suit from the expedited actions process on a motion and a showing of good cause by any party. Rule 169(c)(1)(A).

5

To resolve the issues presented by State Farm, we must construe Rule 169. The interpretation of a procedural rule is a question of law that we determine de novo by applying the same canons of construction applicable to statutes. *Cross*, 497 S.W.3d at 613 (citing *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015)). As such, we start by ascribing the plain and literal meaning to the language used in Rule 169. *Id*. We apply the plain meaning to a rule's unambiguous language in a manner that is consistent with other provisions in the rule. *Id*. (citing *Assignees of Best Buy v. Combs*, 395 S.W.3d 847, 864 (Tex. App.—Austin 2013, pet. denied)).

Removal of Case from Expedited Actions Process

We turn first to State Farm's contention that the trial court clearly abused its discretion by failing to remove the case from the expedited actions process after State Farm filed a motion and showed good cause. State Farm contends that it established good cause under Rule 169's comment 3, which includes "the complexity of the legal and factual issues" as a factor that should be considered in determining whether good cause has been shown. A good cause requirement "is not a mere formality, but is a plainly expressed limitation" to the use of the general rule. *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964). To establish good cause to remove this case from the expedited actions process, we interpret Rule 169 to require State Farm to specifically identify how the complexity of the legal and factual issues in this case require that this case be removed from the expedited process.

Considering State Farm's petition and the mandamus record, we do not conclude that State Farm has met this burden. In analyzing State Farm's contention that this case

6

is legally and factually too complex for the expedited process, we must remain mindful that Robbins bears the burden of proving that her claimed knee and eye injuries were sustained in the underlying crash, and the extent of the resulting damages. *See In re Farmers Tex. Cnty. Mut. Ins. Co.*, 509 S.W.3d 463, 466 (Tex. App.—Austin 2015, orig. proceeding) (identifying the elements that a plaintiff must prove to recover under a UIM policy).

State Farm contends that Robbins has produced no records that relate her eye injury to the crash. However, this does not indicate that the case is too complex for the expedited process; rather, it indicates that Robbins may not have proof of this aspect of her claim. If she does not have this proof, it makes the case less complex.

State Farm also indicates that Robbins identified twenty healthcare providers for the first time at her deposition and, through these providers, State Farm has identified a total of fifty-two treating physicians for Robbins. But, State Farm does not identify how many, if any, of these healthcare providers are likely to possess relevant evidence relating to Robbins's knee or eye injuries. It is likely that many of these healthcare providers have no relevant information concerning Robbins's knee or eye injuries since State Farm identifies that Robbins has a "lengthy medical history" that includes heart disease, diabetes, and chronic gastrointestinal problems along with "multiple knee, wrist, and shoulder surgeries both before and after the car crash."

State Farm further argues that a key medical expert was deposed before Robbins's medical records were produced and it is likely that these medical records would alter the expert's opinion. State Farm simply concludes that "[t]he trial court's scheduling order

7

has made it impossible to re-depose the expert after the medical records were produced." However, State Farm indicates that it has used only 3:12 of the six-hour time limit for depositions in an expedited case and nothing in the mandamus record shows that State Farm had made any efforts to schedule further depositions by the close of the discovery period.

State Farm states that it needs to re-depose the expert discussed above as well as Robbins's treating physician, eye doctor, and eye surgeon, and it must factor in time for cross-examining a corporate representative at a deposition called by Robbins.[4] State Farm does not identify any basis for why it <u>needs</u> to depose these additional individuals, which is especially significant since the burden is on Robbins to prove her damages. In the same fashion, State Farm simply concludes that, because it will need testimony from each of these individuals at trial, the eight-hour trial limit will "make it impossible for State Farm to present this testimony."

State Farm has failed to specifically identify how the legal and factual issues in this case are so unusually complex that good cause exists to compel removal of the case from the mandatory expedited process of Rule 169. *See Schlagenhauf*, 379 U.S. at 118 ("good cause" cannot be shown "by mere conclusory allegations of the pleadings"). After considering the arguments advanced by State Farm, we cannot conclude that State Farm has established that the trial court clearly abused its discretion by refusing to remove

---

[4] Depositions of the plaintiff, plaintiff's medical expert, plaintiff's treating doctor, and specialists along with cross-examination of defendant/representative and defendant's expert are not unusual in a case like Robbins's. State Farm essentially argues that all such cases otherwise pled within the expedited actions process of Rule 169 must be removed if any party moves the trial court to do so since the factual complexity would render the case inappropriate for the expedited process. We do not believe that the rule was intended to exempt cases with such a typical amount of depositions.

Robbins's suit from the expedited actions process of Rule 169. *See Walker*, 827 S.W.2d at 839-40. As such, we conclude that State Farm has not proven that it is entitled to have this Court issue a writ of mandamus ordering the trial court to remove Robbins's suit from the expedited process of Rule 169.

Compliance with Expedited Actions Process

State Farm also alleges that the trial court clearly abused its discretion by issuing a scheduling order that conflicts with the express procedures of Rule 169. State Farm contends that the time deadlines prescribed by Rule 169 are mandatory and the trial court did not have discretion to truncate those deadlines.

Rule 169 provides that Rule 190.2 governs discovery in expedited actions. Rule 169(d)(1). Rule 190.2 directs that all discovery must be conducted during the discovery period, which begins when suit is filed and ends 180 days after the first request for discovery of any kind is served on the other party. Rule 190.2(b)(1). On a party's request, the trial court must set the case for a trial date that is within ninety days after the discovery period ends. Rule 169(d)(2).

It is undisputed that State Farm served its first discovery requests on Robbins on October 27, 2017. As such, Rule 190.2 provides that the discovery period in this case should have ended on April 25, 2018. *See* Rule 190.2(b)(1). Nonetheless, the trial court's scheduling order set the discovery deadline as February 10, which is only 106 days after State Farm first served discovery on Robbins. It is undisputed that Robbins has requested that this case be set for trial. If trial were set ninety days after the proper end of the discovery period, trial would have to be set by July 24, 2018. *See* Rule 169(d)(2).

9

However, the trial court set the trial ready date at March 1, 2018, and set the case for trial beginning on May 14.

Robbins contends that Rule 190.5 affords the trial court broad discretion to limit the discovery and trial timelines. *See* Rule 190.5 ("The court may modify a discovery control plan at any time and must do so when the interest of justice requires.").[5] While we certainly agree that a trial court has discretion to control its own docket and may make reasonable adjustments to shorten the timelines provided by the expedited actions process as necessary, we cannot conclude that shortening the discovery period by seventy-four days is a reasonable limitation necessitated by the trial court's docket. Furthermore, because the end of the discovery period dictates when the trial must be set, the trial court's seventy-four day decrease in the applicable discovery period means that the trial court set trial for only nineteen days after what should have been the end of the discovery period. Again, while we understand that trial courts may have to set trials subject to the expedited actions process earlier than the ninetieth day after the close of discovery to accommodate their docket, we cannot conclude that setting trial a mere nineteen days after the end of discovery is reasonable. As such, we conclude that the trial court clearly abused its discretion. *See In re Olshan Found. Repair Co.*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 839-40.

However, our conclusion that the trial court clearly abused its discretion in unreasonably shortening the applicable discovery and trial timelines for an expedited action does not establish that State Farm is entitled to mandamus relief. To be entitled

---

[5] There is no contention that the interest of justice necessitated the trial court's restriction of the applicable discovery and trial deadlines in this case.

to mandamus relief, we must also conclude that State Farm does not have an adequate remedy at law. *See Walker*, 827 S.W.2d at 837; *In re Adkins*, 70 S.W.3d at 389. A party is denied an adequate remedy at law when the party's ability to present a viable claim or defense at trial will be vitiated or severely compromised by the trial court's discovery order. *In re Adkins*, 70 S.W.3d at 389 (citing *In re Ford Motor Co.*, 988 S.W.2d at 721, and *Walker*, 827 S.W.2d at 843). We conclude that, when a trial court further limits the 180-day discovery period under the expedited actions process by nearly half, the parties' claims and defenses will be vitiated or, at least, severely compromised such that the parties have been denied an adequate remedy at law. *See id*. As such, we conclude that State Farm does not possess an adequate remedy at law.

## Conclusion

Having concluded that the trial court clearly abused its discretion by unreasonably restricting Rule 169's discovery and trial deadlines which has denied State Farm an adequate remedy at law, we conditionally grant State Farm's petition for writ of mandamus. Our issuance of the writ is conditioned upon the Honorable W. F. "Corky" Roberts vacating his December 21, 2017 scheduling order and entering a new scheduling order that re-opens discovery for a period of seventy-four additional days.[6] All other deadlines contained within the new scheduling order shall be set in compliance with Rules 169 and 190.2.

Judy C. Parker
Justice

---

[6] This Court's May 8 stay of further proceedings will be lifted effective on the date the trial court enters this new scheduling order.

11